## In the Matter of the Expunction of O.R.T.

### No. 08–12–00082–CV.

Court of Appeals of Texas,
El Paso.

Oct. 16, 2013.

D. Kaylyn Betts, Texas Dept. of Public Safety, Austin, for Appellant.

Ignacio Pratti Estrada, El Paso, for Appellee.

Before McCLURE, C.J., RIVERA, and RODRIGUEZ, JJ.

## OPINION

GUADALUPE RIVERA, Justice.

The Texas Department of Public Safety (DPS), appeals from an order granting O.R.T.'s petition for expunction of his records in connection with an arrest for driving while license suspended (DWLS). DPS complains that the trial court erred by granting the petition for expunction on the DWLS charge because O.R.T. pleaded guilty to that charge under section 12.45 of the Texas Penal Code which resulted in a final conviction for a separate DWI offense. We reverse and render judgment denying the petition for expunction on the DWLS offense.

## BACKGROUND

The record establishes that O.R.T. was arrested for a DWLS offense on April 8, 2000. In May 2011, O.R.T. filed a petition for the expunction of various arrest records including those pertaining to the DWLS offense.[1] In his petition, O.R.T. alleged that he was entitled to an expunction of the DWLS charge pursuant to Article 55.01(a)(2) of the Texas Code of Criminal Procedure. O.R.T. asserted that expunction was proper because the indictment or information presented had been subsequently dismissed or quashed because "the case was 12.45'd, thereby indicating a lack of probable cause at the time of the dismissal,"[2] O.R.T. had been released, the charge did not result in a final

---

1. On appeal, DPS challenges only the expunction of O.R.T.'s DWLS offense.

2. The order granting the dismissal recites that the basis for the dismissal was the reason stated in the Motion to Dismiss. The reason stated in the motion was "[t]he case has been 12.45'd into 20000C07310 [the DWI case]." Nowhere does the motion state that the basis for dismissal is for lack of probable cause.

conviction and was no longer pending, there was no court-ordered community supervision under Texas Code of Criminal Procedure Article 42.12, and he had not been convicted of a felony in the five years preceding the date of the earliest arrest described in the petition.

Respondents, The El Paso County Sheriff's Office, El Paso County Attorney's Office, El Paso Clerk's Office, District Attorney's Office, District Clerk's Office, Records Management and Archives, Director of West Texas Community Supervision and Corrections Department (Probation), Director of El Paso County Court Administration, and the Jail Magistrate answered the petition by filing a general denial as to the DWLS offense.[3] DPS replied to O.R.T.'s petition by filing a separate general denial. After a hearing, the trial court granted O.R.T.'s petition for expunction. In its expunction order, the trial court expressly found that the DWLS offense had been dismissed. This restricted appeal followed.

In a single issue on appeal, DPS contends the trial court erred in expunging the DWLS offense because O.R.T. failed to prove by legally sufficient evidence that the offense did not result in a final conviction under Article 55.01(a)(2)(B).[4] Specifically, DPS maintains that O.R.T. was not entitled to an expunction on his arrest for DWLS because he admitted guilt to the DWLS offense pursuant to section 12.45 of the Texas Penal Code and was convicted of a separate DWI offense as a consequence of the arrest. O.R.T. has not filed a brief to assist us in the disposition of this appeal.

## DISCUSSION

### *Standard of Review*

■ We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *In re C.F.P.*, 388 S.W.3d 326, 328 (Tex.App.-El Paso 2012, no pet.); *In re S.D.*, 349 S.W.3d 76, 79 (Tex.App.-El Paso 2010, no pet.). When, as in this case, the petitioner alleges that he is entitled to an expunction under Article 55.01(a), the trial court has no discretion but to grant the petition if the statutory conditions are satisfied. *In re J.O.*, 353 S.W.3d 291, 293 (Tex.App.-El Paso 2011, no pet.). A trial court abuses its discretion if it orders an expunction of records despite a petitioner's failure to satisfy all of the statutory requirements. *Travis County Dist. Attorney v. M.M.*, 354 S.W.3d 920, 923, 929 (Tex.App.-Austin 2011, no pet.); *Texas Dept. of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 281 (Tex. App.-Corpus Christi 2007, no pet.). In reviewing the legal sufficiency of the evidence, we consider only the evidence which tends to support the findings of fact and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *El Paso County Hosp. Dist. v. Gilbert*, 64 S.W.3d 200, 203 (Tex.App.-El Paso 2001, pet. denied).

## EXPUNCTION

■ The right to expunction is neither a constitutional nor a common-law

---

**3.** Respondents conceded that O.R.T. was entitled to an expunction on the other offenses alleged in the petition. Respondents are not parties to this appeal.

**4.** We note that O.R.T.'s expunction hearing took place prior to the 2011 amendments to Article 55.01 and that the trial court signed the expunction order on September 2, 2011, the day after the 2011 amendments went into effect. *See* Act of June 17, 2011, 82nd Leg., R.S., ch. 690, § 1, 2011 Tex. Gen. Laws 1651, 1651–1653, 1655 (current version at Tex. Code Crim. Proc. Ann. art. 55.01(a) (West Supp 2012)). In this opinion, we cite to Article 55.01(a) as it existed prior to September 1, 2011.

right, but rather a statutory privilege. *In re Retzlaff*, 345 S.W.3d 777, 780 (Tex.App.-El Paso 2011, no pet.); *Texas Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex.App.-Houston [14th Dist.] 2008, no pet.). The purpose of the expunction statute is to permit the expunction of records of wrongful arrests. *See Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991); *M.M.*, 354 S.W.3d at 926. An expunction cannot be granted unless the statutory requirements are satisfied. *Perdue v. Tex. Dep't of Pub. Safety*, 32 S.W.3d 333, 335 (Tex.App.-San Antonio 2000, no pet.). Although the expunction statute is found in the Texas Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature. *In re R.R.*, 342 S.W.3d 126, 129 (Tex.App.-El Paso 2011, no pet.). The burden to establish compliance with the statutory requirements rests with the petitioner. *In re Retzlaff*, 345 S.W.3d at 780.

In pertinent part, Article 55.01(a) provides:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court, except as provided by Subsection (c) of this section; or

(B) convicted and subsequently pardoned; or

(2) each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

Tex.Code Crim. Proc. Ann. art. 55.01(a)(1)(2) (West 2006).

### Analysis

■ On appeal, DPS argues that the expunction of records is barred when a petitioner admits guilt to an offense for purposes of section 12.45 of the penal code and that admitted unadjudicated offense results in any final conviction. In essence, DPS presents a question of statutory construction concerning Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(B). When interpret-

ing statutes, our primary focus is to give effect to the legislature's intent as expressed by the statutory language. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex.2009); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006). Where the statutory text is clear and unambiguous, it is determinative of legislative intent. *Entergy*, 282 S.W.3d at 437. We construe the statutory language according to their plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to nonsensical or absurd results. *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex.2008). We presume the legislature chooses a statute's language with care, deciding to purposefully include or omit words. *In re M.N.*, 262 S.W.3d 799, 802 (Tex.2008).

In relevant part, section 12.45 of the Texas Penal Code provides:

(a) A person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.

. . .

(c) If a court lawfully takes into account an admitted offense, prosecution is barred for that offense.

TEX. PENAL CODE ANN. § 12.45 (West 2011).

Relatively few courts have interpreted Article 55.01(a) in relation to section 12.45 of the Penal Code and have reached contrary conclusions on whether the unadjudicated offense can be expunged. *See M.M.*, 354 S.W.3d at 926 (holding that an admit-

ted offense under section 12.45 was not capable of being expunged because the offense had not been dismissed under former Article 55.01(a)(2)(A));[5] *Travis County Attorney v. J.S.H.*, 37 S.W.3d 163, 167 (Tex.App.-Austin 2001, no pet.) (concluding that unadjudicated offenses considered during punishment pursuant to section 12.45 do not result in a "final conviction," as used in Article 55.01(a)(2)(B) and may be expunged). In *J.S.H.*, the dissent pointed out that Article 55.01(a)(2)(B) does not specify that expunction is available only when the unadjudicated offense that is being considered for expunction has not resulted in a final conviction for that specific unadjudicated offense, but rather the statutory language prohibits expunction if the unadjudicated offense has resulted in "any" final conviction. *J.S.H.*, 37 S.W.3d at 168 (Jones, J., dissenting). The dissent further noted that courts have repeatedly held that an admitted, unadjudicated offense that is considered by a trial court pursuant to section 12.45 becomes an integral part of the final judgment of conviction in the adjudicated offense. *Id.* at 168–69. The dissent reasoned that in *J.S.H.*, "the unadjudicated offenses necessarily 'resulted in a final conviction' as that phrase is used in the expunction statute" because the admitted unadjudicated offenses became an integral part of the adjudicated offense when the trial court considered them during punishment. *Id.* at 169. Accordingly, the dissent concluded that the petitioners were not entitled to an expunction of their records as the requirements of Article 55.01(a)(2) had not been satisfied. *Id.*

■ While we agree with our sister court in Austin that an adjudication of

---

**5.** Article 55.01(a)(2)(A) provides that the indictment was dismissed or quashed because of mistake, false information, or other similar reasoning indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void. TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A).

guilt must precede a final conviction, we respectfully disagree with the majority's holding in *J.S.H.*, that Article 55.01(a)(2)(B) permits an expunction of records arising out of a petitioner's arrests on admitted, unadjudicated offenses because those unadjudicated offenses do not result in a final conviction as that term is used in the expunction statute. *See J.S.H.*, 37 S.W.3d at 166, 167. The language in Article 55.01(a)(2)(B) does not require that a final conviction be the result of the particular unadjudicated offense that a petitioner is requesting be expunged, but rather expunction is unavailable if the admitted, unadjudicated offense has resulted in any final conviction. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B); *see also In re J.O.*, 353 S.W.3d 291, 294 (Tex.App.-El Paso 2011, no pet.) (explaining that subsection (a)(2)(B) "states only that a final conviction may not have 'resulted' from the expunction offense" and that nothing in the statute indicates Legislature's intent "to limit the 'resulted from' requirement to final convictions for offenses which would otherwise be considered 'lesser-included' of the expunction offense").

▮ Such an interpretation is consistent with those cases holding that a defendant's admission of guilt to an unadjudicated offense becomes a part of the judgment and the defendant's criminal record. *See Woodard v. State*, 931 S.W.2d 747, 750 (Tex.App.-Waco 1996, no pet.) (offenses used for enhancement purposes under section 12.45(a) become part of defendant's judgment and criminal record); *Murray v. State*, 840 S.W.2d 675, 679 (Tex.App.-Tyler 1992, no pet.) (offenses admitted and considered under section 12.45 are admissible at punishment as part of defendant's criminal record); *see also Whalon v. State*, 725 S.W.2d 181, 195 (Tex.Crim.App.1986) (op. on reh'g); *Wilkins v. State*, 574 S.W.2d

106, 108 (Tex.Crim.App.1978). Moreover, the primary purpose of the expunction statute is to permit the expunction of wrongful arrest records. *J.T.S.*, 807 S.W.2d at 574; *M.M.*, 354 S.W.3d at 926. When a defendant admits guilt to an offense arising out of an arrest, he concedes that the arrest was not wrongful for purposes of the expunction statute. *See M.M.*, 354 S.W.3d at 926; *Ex parte P.D.H.*, 823 S.W.2d 791, 793 (Tex.App.-Houston [14th Dist.] 1992, no writ); *J.T.S.*, 807 S.W.2d at 574.

In the instant case, O.R.T. was arrested for a DWLS offense, an indictment or information was presented against him for that offense, the State subsequently moved to dismiss the DWLS charge on the grounds that the case had been "12.45'd into [cause number] 20000C07310." Section 12.45 of the Penal Code, permits a defendant, with the State's consent, to admit an unadjudicated pending offense to bar the State from separately prosecuting the defendant for that offense. *See* TEX. PENAL CODE ANN. § 12.45. It is for that reason that the State moved to dismiss the pending unadjudicated offense of DWLS and not because there was an absence of probable cause.

At the expunction hearing, O.R.T. agreed that the DWLS charge had been dismissed because he pleaded guilty to a DWI charge and not because there was mistake, false information, or similar reasoning indicating an absence of probable cause. The dismissal order makes it clear that the DWLS charge was 12.45'd into the DWI charge. By admitting guilt to the DWLS charge, O.R.T. admitted that the arrest for that offense was not wrongful. *See M.M.*, 354 S.W.3d at 926; *P.D.H.*, 823 S.W.2d at 793; *J.T.S.*, 807 S.W.2d at 574.

It would be absurd for the State to move to dismiss the charge on the basis of lack of probable cause when, with the State's

consent, the defendant admitted guilt and asked the trial court to take his guilt in the unadjudicated offense into consideration during punishment. *See* TEX. PENAL CODE ANN. § 12.45. It would be equally absurd to require that all references to the unadjudicated charges be expunged from the record of the adjudicated offense. It is because of O.R.T.'s admission of guilt, in open court, to the unadjudicated offense that the State is barred from further prosecution of that offense and not because there was mistake, false information or other similar reason indicating an absence of probable cause. *See id.* By his plea of guilty to the unadjudicated offense, O.R.T. has a guaranteed right not to be prosecuted and the State is required to dismiss the pending charge. *Id.* Should he now be allowed to have the admission of guilt be erased from all criminal records?

We think not. Because the admitted, unadjudicated DWLS offense became part of O.R.T.'s judgment and criminal record, resulted in a final DWI conviction, and was dismissed only because the State was barred from further prosecution pursuant to section 12.45, O.R.T. has failed to meet the statutory requirements of Article 55.01(a)(2)(A) and (B). *See* TEX. PENAL CODE ANN. § 12.45; TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A), (B); *J.S.H.,* 37 S.W.3d at 168–69 (Jones, J., dissenting); *Woodard,* 931 S.W.2d at 750; *Murray,* 840 S.W.2d at 679; *Whalon,* 725 S.W.2d at 195; *Wilkins,* 574 S.W.2d at 108; *see also In re J.O.,* 353 S.W.3d at 294. Therefore, O.R.T. was not entitled to have his DWLS offense and arrest records expunged and the trial court erred by granting his petition for expunction of the DWLS offense. *See In re J.O.,* 353 S.W.3d at 294; *In re Expunc-*

*tion of Ramirez,* 143 S.W.3d 856, 859 (Tex. App.-El Paso 2004, no pet.). Issue One is sustained.

## CONCLUSION

We reverse and render judgment denying expunction of the DWLS offense.[6]

---

6. While DPS is the sole appealing agency, the relief granted is not limited to that agency. *See Ex Parte Elliot,* 815 S.W.2d 251, 251 (Tex.1991) (holding that the reversal of a trial court's expunction order must encompass all persons and agencies in possession of relevant criminal records).