

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00285-CV

EX PARTE B.R.G. JR.

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In April 2013, pro se appellant B.R.G. Jr. filed a petition to expunge all records and files arising out of his arrests or charges and confinements in a July 21, 2001 criminal trespass case that was dismissed by the trial court; an August 18, 2001 arrest for injury to a disabled person; and a February 23, 2002 arrest for

---

[1]*See* Tex. R. App. P. 47.4.

"capital murder multiple."[2] The trial court ordered expunged records concerning the July 21, 2001 arrest but declined to expunge the others. B.R.G. appeals the denial of expunction of his August 18, 2001 arrest and complains that the trial court abused its discretion by denying his motion for a bench warrant to the expunction hearing or to hold the hearing by conference call and by failing to address his motion nunc pro tunc. We affirm.

The August 18, 2001 arrest for third-degree-felony injury to a disabled person resulted in a charge of class B misdemeanor possession of marijuana of less than two ounces. B.R.G. pleaded guilty to and was convicted of the possession charge. In his expunction petition with regard to that arrest, B.R.G. attempted to parallel the language of code of criminal procedure article 55.01(a)(2)(A)(i), stating,

> (a) Petitioner was placed under custodial arrest for the commission of the felony offense of "INJ DISABLED PERSON W/INT BODILY INJ" and (2) petitioner has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense and (A) regardless of the statu[t]e of limitation[s] for this offense or its expiration, an indictment or information charging petitioner with the commission of any felony offense arising out of the same transaction for which petitioner was arrested (i) has not presented against petitioner at any time following the arrest, and (c) at least three years has elapsed from the date of arrest for which this expunction is sought; or, also, (B) prosecution of

---

[2]The February 23, 2002 arrest resulted in B.R.G.'S convictions for aggravated robbery with a deadly weapon in two cases upon his open pleas of guilty after the State waived attempted capital murder charges. B.R.G. does not appeal the denial of his request to expunge this arrest.

2

petitioner for the offense for which petitioner was arrested is no longer possible because the limitation[s] period has expired.

B.R.G. attached his certified criminal record to his petition.

B.R.G.'s petition references the 2009 statute in part.[3] *See* Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 17, 2009 Tex. Gen. Laws 3019, 3019–20 (amended 2011) (current version at Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A) (West Supp. 2013)).  On September 1, 2011, an amendment—set out in italics below—added the following to subsections (a)(2)(A) and (a)(2)(A)(i):

> (A) *regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired*, an indictment or information charging the person with *the* commission of a *misdemeanor offense based on the person's arrest or charging the person with the commission of any* felony *offense arising out of the same transaction for which the person was arrested*:
>
> > (i) has not been presented against the person *at any time following the arrest*[;]

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(i) (emphasis added).

The trial court found that the petition was sufficient to make a legal determination of statutory entitlement to an order of expunction and denied B.R.G.'s motion for bench warrant or conference call.  The trial court took judicial notice of court records showing that B.R.G. had been convicted of possession of

---

[3]Subsection (a)(2)(B) referenced by B.R.G. in his petition reflects the current 2011 statute.  Prior to the 2011 amendment, section (a)(2)(A)(i) contained the provision stating that "the limitations period expired before the date on which a petition for expunction was filed under Article 55.02."  Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 17, 2009 Tex. Gen. Laws 3019 (amended 2011).

marijuana under two ounces "out of the August 18, 2001 arrest" and based denying expunction on a lack of statutory authority to grant it.

In its findings of fact, the trial court found that its records, including pleadings and exhibits, showed that an information or indictment was presented against B.R.G. arising out of his August 18, 2001 arrest, that the indictment or information was not dismissed, and that B.R.G. was convicted of possession of marijuana under two ounces. In its conclusions of law, among other things, the trial court stated that code of criminal procedure article 55.01(c) prohibited it from granting the requested relief with regard to the August 18, 2001 arrest and concluded that B.R.G. had failed to allege each of the statutory elements of entitlement to an expunction order under code of criminal procedure article 55.01(a). Specifically, the trial court emphasized that B.R.G. had failed to allege in his petition that no indictment or information charging him with the commission of a misdemeanor offense based on his arrest had been presented against him at any time following the arrest under article 55.01(a)(2). *See id.* art. 55.01(a)(2).

B.R.G. filed a nunc pro tunc motion seeking corrections to the trial court's order and a bill of exception containing his unsworn testimony that he had been erroneously arrested for injury to a disabled person; that instead of being released when that error was discovered, he remained in custody for possession of marijuana under two ounces that was discovered when he was arrested; and that his appointed counsel had him plead guilty to the possession charge. There

4

is no indication that the trial court ruled on either document. *Cf.* Tex. R. App. P. 33.2(c) (setting out procedure for formal bill of exception).

In his first two issues, B.R.G. argues that he is entitled to expunction of the August 18, 2001 arrest under article 55.01(a)(2)(A)(i)(c)[4] and that article 55.01(c) does not prevent the expunction.

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *See In re O.R.T.*, 414 S.W.3d 330, 332 (Tex. App.—El Paso 2013, no pet.). When the petitioner alleges that he is entitled to an expunction under article 55.01(a), the trial court has no discretion but to grant the petition if the statutory conditions are satisfied, but the burden to establish compliance with the statutory requirements rests with the petitioner. *Id.* at 332–33.

As noted above, B.R.G. filed his April 22, 2013 petition in part under the 2009 statute that, unlike the 2011 statute, did not require addressing whether an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest had been presented against him. *Compare* Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 17, 2009 Tex. Gen. Laws 3019 (amended 2011), *with* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A). Because B.R.G. failed to comply with the statutory requirements, the trial court did not abuse its discretion by denying his petition, and we overrule

---

[4]B.R.G. does not make any arguments with regard to limitations despite having raised it as a ground in his original petition. Therefore, that issue is not before us. *See* Tex. R. App. P. 38.1(f), (i).

B.R.G.'s first issue. *See O.R.T.*, 414 S.W.3d at 332–33. Based on our resolution of B.R.G.'s first issue, we need not address his second issue regarding the trial court's denial under article 55.01(c). *See* Tex. R. App. P. 47.1.

In his third issue, B.R.G. argues that the trial court abused its discretion by denying him a bench warrant or a hearing by teleconference. However, a hearing on a petition for expunction does not necessarily contemplate a personal appearance before the court or an oral presentation to the court, and a trial court abuses its discretion by denying a motion for a bench warrant only if the inmate has been effectively barred from presenting his case. *Ex parte Cephus*, 410 S.W.3d 416, 420–21 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see* Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c) (West 2006 & Supp. 2013). A trial court may rule on an expunction petition without conducting a formal hearing and without considering live testimony if it has at its disposal all of the information it needs to resolve the issues raised in the petition. *Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.).

Here, the trial court was not required to conduct an oral hearing because it had all of the facts before it necessary to determine whether B.R.G. was entitled to an expunction based on the allegations in his petition, the records he attached to it, and the statutory requirements. *See Benner v. State*, No. 02-07-00271-CV, 2008 WL 1932094, at *3 (Tex. App.—Fort Worth Jan. 1, 2008, pet. denied) (mem. op.) (stating that no oral hearing was necessary when appellant did not allege any facts requiring development in an evidentiary hearing); *cf. Wilson*, 224

6

S.W.3d at 863–64 (holding that appellant was entitled to an evidentiary hearing when the trial court based expunction denial on improper judicial notice of another court's records). Therefore, the trial court did not abuse its discretion by denying B.R.G.'s motion, and we overrule his third issue.

In his final issue, B.R.G. complains that the trial court did not address his nunc pro tunc motion to correct the address of the Texas Board of Pardons and Paroles from P.O. Box 134401 to P.O. Box 13401 and to include the Texas Department of Criminal Justice's Classifications and Records Office and Parole Divisions Office in the list of recipients of the June 19, 2013 order expunging his July 21, 2001 arrest.

The record does not show that the trial court ruled on B.R.G.'s nunc pro tunc motion or that B.R.G. requested a ruling on the motion and the trial court refused to rule, *see* Tex. R. App. P. 33.1, but even if it did, we do not have appellate jurisdiction of the denial of a motion for judgment nunc pro tunc. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) (holding that to be entitled to mandamus relief for the trial court's failure or refusal to rule on a motion, relator must have made the trial court aware of the motion and requested that the trial court rule on the motion); *see also Wilson v. State*, No. 02-12-00382-CR, 2013 WL 257278, at *1 (Tex. App.—Fort Worth Jan. 24, 2013, no pet.) (mem. op. on reh'g, not designated for publication) ("An order denying a motion for judgment nunc pro tunc is not appealable."); *Castor v. State*, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.) (stating that

7

petition for writ of mandamus is the appropriate remedy to obtain review of the denial of a nunc pro tunc motion).  We overrule B.R.G.'s fourth issue.

Having overruled all of B.R.G.'s issues, we affirm the trial court's judgment.


PER CURIAM

PANEL:  MCCOY, WALKER, and MEIER, JJ.

DELIVERED:  April 24, 2014