

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00082-CV

THE STATE OF TEXAS                                                                          APPELLANT

V.

N.R.J.                                                                                                    APPELLEE

----------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2013-20001-158

----------

## OPINION

----------

### I. INTRODUCTION

Appellant the State of Texas perfected this appeal after the trial court granted Appellee N.R.J.'s petition for an expunction. *See* Tex. Code. Crim. Proc. Ann. art. 55.02, § 3(a) (West Supp. 2014). We will address two issues in this appeal. First, we will determine whether this court's opinion in *S.J. v. State*—holding that, to be entitled to an expunction, all charges arising from an arrest

must satisfy the expunction statute's requirements—applies to bar expunction in this case of a single charge from a multi-charge arrest. *See* 438 S.W.3d 838, 845 (Tex. App.—Fort Worth 2014, no pet.). Second, we will address whether an admission of guilt to an offense and a request that the trial court consider that admission as a plea in bar in determining punishment for another offense precludes expunction of the admitted, unadjudicated offense. *See* Tex. Penal Code Ann. § 12.45 (West 2011); Tex. Code. Crim. Proc. Ann. art. 55.01(a)(2) (West Supp. 2014). Because both issues must be answered in the affirmative, we hold that an expunction is not available in this case, and we reverse the trial court's order of expunction and render judgment denying N.R.J.'s petition for expunction.

## II. BACKGROUND

N.R.J. was arrested on December 6, 2007, for the misdemeanor offenses of driving while intoxicated (DWI) and possession of two ounces or less of marijuana. *See* Tex. Penal Code Ann. § 49.04 (West Supp. 2013); Tex. Health & Safety Code Ann. § 481.121(b)(1) (West 2010). N.R.J. pleaded nolo contendere to DWI, and in the course of his plea, he admitted guilt to the possession offense pursuant to penal code section 12.45 and requested that the trial court take that offense into account in assessing punishment for the DWI offense. *See* Tex. Penal Code Ann. § 12.45. The trial court found N.R.J. guilty of DWI, considered the possession offense in assessing punishment for DWI, and placed him on

2

community supervision for fifteen months. The trial court ordered that prosecution of N.R.J. for the possession offense be barred with prejudice.

N.R.J. subsequently filed a petition for expunction of all criminal records and files relating to his arrest for the possession-of-marijuana offense. After a hearing, the trial court granted the petition and ordered that the records and files relating to the possession offense be expunged. The State perfected this appeal.

In three issues, the State argues that the trial court abused its discretion by ordering an expunction for the possession-of-marijuana offense arising out of N.R.J.'s arrest because he was also arrested for and finally convicted of DWI, because he admitted his guilt to the possession-of-marijuana offense in the plea in bar, and because the possession offense remained pending.[1]

### III. STANDARD OF REVIEW AND STATUTORY CONSTRUCTION RULES

We review a trial court's decision granting or denying a petition for expunction for an abuse of discretion. *See Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). However, "[t]o the extent a ruling on expunction turns on a question of law, we review the ruling de novo because '[a] trial court has no "discretion" in determining what the law is or applying the law to the facts.'" *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d

---

[1]Contrary to N.R.J.'s argument on appeal, a review of the State's answer and its arguments at the expunction hearing show that the State preserved these issues in the trial court. *See* Tex. R. App. P. 33.1(a).

476, 478 (Tex. App.—San Antonio 2013, no pet.). A trial court abuses its discretion if it orders an expunction of records despite a petitioner's failure to satisfy all of the statutory requirements. *In re O.R.T.*, 414 S.W.3d 330, 332 (Tex. App.—El Paso 2013, no pet.); *Travis Cnty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 923, 929 (Tex. App.—Austin 2011, no pet.) (en banc) (op. on reh'g).

When construing statutes, we use a de novo standard of review, and our primary objective is to ascertain and give effect to the legislature's intent. Tex. Gov't Code Ann. § 312.005 (West 2013); *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). To discern that intent, we begin with the statute's words. Tex. Gov't Code Ann. §§ 312.002–.003 (West 2013); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). If a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results that the legislature could not possibly have intended. *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004). We consider statutes as a whole rather than their isolated provisions. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). We presume that the legislature chooses a statute's language with care, deciding to include or omit words for a purpose. *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008).

## IV. ARTICLE 55.01 OF THE CODE OF CRIMINAL PROCEDURE

The remedy of expunction allows a person who has been arrested for the commission of an offense to have all information about the arrest removed from

4

the State's records if he meets the statutory requirements of article 55.01 of the code of criminal procedure.  *See* Tex. Code Crim. Proc. Ann. art. 55.01; *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 674 (Tex. App.—Austin 2010, no pet.) (op. on reh'g).  A petitioner's right to an expunction is purely a matter of statutory privilege, and the petitioner bears the burden of demonstrating that each of the required statutory conditions have been met.  *Nail*, 305 S.W.3d at 674; *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.— Houston [14th Dist.] 2008, no pet.); *see* Tex. Code Crim. Proc. Ann. art. 55.01.

Article 55.01 was most recently amended in 2011, and the amended article applies here.  *See* Tex Code Crim. Proc. Ann. art. 55.01; Act of May 25, 2011, 82nd Leg., R.S., ch. 894, § 3, 2011 Tex. Sess. Law Serv. 2275, 2276 (West).  Article 55.01 provides in relevant part:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . . .
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:
>
> (A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense

5

arising out of the same transaction for which the person was arrested:

(i) has not been presented against the person at any time following the arrest, and:

. . . .

[a certain amount of time has elapsed]; or

(B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2).

The statute entitles a petitioner to have "all records and files *relating to the arrest* expunged if" certain conditions are met. *Id.* (emphasis added). Here, N.R.J. is not seeking, nor is he entitled to, an expunction of all records and files relating to his December 6, 2007 arrest because he was also arrested for DWI on that date and was finally convicted of that offense. *See id.* He instead seeks expunction of all records and files relating to the possession charge arising from that arrest.

## V. EXPUNCTION STATUTE IS ARREST-BASED

The State argues in its first issue that the expunction statute does not provide for expunction of an individual charge (like N.R.J.'s possession charge) that arises out of a multi-charge arrest (like N.R.J.'s arrest) unless all charges satisfy article 55.01's requirements. The State noted in its brief that this was an issue of first impression in this court, but after this case was submitted, we issued our opinion in *S.J.*, holding that "for a petitioner to be entitled to expunction under

6

article 55.01, all charges arising from the arrest must meet that article's requirements." 438 S.W.3d at 845.

In *S.J.*, the petitioner was arrested for a single offense—aggravated assault—but pleaded nolo contendere to terroristic threat in exchange for dismissal of the aggravated assault charge. *Id.* at 839. Although the case did not involve a multi-charge arrest like we have in this case, we find our holding in *S.J.* equally applicable here.[2] Our sister courts have also reached the same conclusion as we did in *S.J.* in multi-charge arrest situations. *See In re D.W.H.,* No. 08-12-00031-CV, 2014 WL 5798204, at *3 (Tex. App.—El Paso Oct. 22, 2014, no pet. h.) (holding that expunction unavailable for individual charge arising out of arrest for improper relationship between an educator and student when petitioner convicted of possessing illegal firearms arising out of the same transaction); *Dicken*, 415 S.W.3d at 480 (holding that article 55.01 did not allow expunction of records concerning possession of controlled substance offense when petitioner was also arrested for, and pleaded guilty to, DWI); *M.M.*, 354

_____

[2]In arriving at our holding in *S.J.*, we considered

the prefatory statement in subarticle 55.01(a) that expunctions must apply to all records of one arrest, the remaining provisions in chapter 55 indicating that the remedy of expunction is arrest-based and that partial, content-based removal or redaction of arrest files is not contemplated or sufficient, the decisions of the majority of our sister courts holding that individual charges within an arrest are not subject to expunction, and the long-recognized intent of chapter 55 to allow expunction of only wrongful arrests.

*Id.* at 845.

7

S.W.3d at 924 (concluding that former article 55.01 did not provide for expunction of individual records relating to DWI and assault charges when petitioner was also arrested for, and pleaded nolo contendere to, resisting arrest). N.R.J. was arrested and charged with both DWI and possession of marijuana, and because his DWI charge does not satisfy article 55.01's requirements, he is not entitled to an expunction for the possession offense. *See S.J.*, 438 S.W.3d at 845.

The dissent treats N.R.J.'s DWI and possession charges as separate arrests, both occurring on the same date, and asserts that Appellee satisfied the expunction requirements for his "possession arrest."[3] Dissent @ 2–3. An arrest occurs when a person has been actually placed under restraint or taken into custody by an officer. Tex. Code Crim. Proc. Ann. art. 15.22 (West 2005); *see S.J.*, 438 S.W.3d at 841 n.6. Regardless of whether multiple cases were filed or multiple bond amounts were set, there was but one arrest on December 6, 2007. Thus, because N.R.J.'s DWI charge arising from his December 6 arrest did not meet article 55.01's requirements, he is not entitled to an expunction for the possession offense. *See S.J.*, 438 S.W.3d at 845. We sustain the State's first issue.

---

[3]The dissent states that there were "two separate warrants," but Moore's arrest was not pursuant to a warrant. The dissent also claims that the officers arrested Appellee for DWI, subsequently found marijuana, and then arrested Appellee for possession of marijuana. This is simply not in the record on appeal; we cannot speculate as to the facts leading up to Appellee's arrest for DWI and possession of marijuana.

8

## VI. NO EXPUNCTION FOR ADMITTED, UNADJUDICATED OFFENSE

Even if the expunction statute contemplates expunctions for a single charge from a multi-charge arrest (or if each charge was considered as a separate arrest as asserted by the dissent), the State argues in its second issue that N.R.J. was not entitled to an expunction for the possession offense because he admitted guilt to that offense as part of a plea in bar.

Texas Penal Code section 12.45 provides that during a sentencing hearing and with the State's consent, a defendant may admit his guilt of an unadjudicated offense and request that the court take the offense into account in determining the sentence for the offense of which he stands adjudged guilty. Tex. Penal Code Ann. § 12.45(a). If the trial court takes into account an admitted offense under section 12.45, prosecution for that offense is barred. *Id.* § 12.45(c).

Whether the records of an offense can be expunged when the petitioner admits guilt to that offense pursuant to penal code section 12.45 presents an issue of first impression in this court. To be entitled to an expunction under subarticle 55.01(a)(2), a petitioner must prove that (1) he has been released, (2) the charge has not resulted in a final conviction and is no longer pending, and (3) "there was no court-ordered community supervision under Article 42.12 for the offense."[4] Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). Recognizing the discord

---

[4]The petitioner must also satisfy either (A) or (B) of subarticle 55.01(a)(2), which are quoted in full above. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)–(B).

between admitting guilt to an offense and asserting entitlement to an expunction for that offense, several of our sister courts have interpreted the statutory requirement that "the charge has not resulted in a final conviction" as prohibiting an expunction of a plea in bar offense; in other words, those courts have held that a plea in bar offense "resulted in a final conviction" for another offense by virtue of being considered in assessing punishment for the latter offense. *Id.*; *see Dicken*, 415 S.W.3d at 480–81; *O.R.T.*, 414 S.W.3d at 336. *But see Travis Cnty. Attorney v. J.S.H.*, 37 S.W.3d 163, 167 (Tex. App.—Austin 2001, no pet.), *declined to follow by Tex. Dep't of Pub. Safety v. G.B.E.*, 2014 WL 1165854, at *7 (Tex. App.—Austin Mar. 20, 2014, pet. filed).[5] While this interpretation of the has-not-resulted-in-a-final-conviction language seems somewhat stilted, we agree with our sister courts and similarly hold that when a defendant admits guilt to an offense in the course of pleading guilty or nolo contendere to a second offense, and requests that the trial court account for that admission in

---

[5]In *J.S.H.*, the Austin court held that an admitted, unadjudicated offense considered by the trial court pursuant to section 12.45 is not a "final conviction." *See* 37 S.W.3d at 167. We agree; as we have previously stated, "offenses barred under section 12.45 are neither convictions nor part of a defendant's prior criminal record." *See Ex parte Karlson*, 282 S.W.3d 118, 127 (Tex. App.—Fort Worth 2009, pet. ref'd). But *J.S.H.* did not consider whether an admitted, unadjudicated offense taken into account in punishment for another offense resulted in a final conviction *for that other offense*. *See* 37 S.W.3d at 167. Recently in *G.B.E.*, the Austin court declined to follow its holding in *J.S.H.* to the extent that it conflicts with *G.B.E.*, which we detail below. *See G.B.E.*, 2014 WL 1165854, at *6 (emphasizing that subarticle 55.01(a)(2) does not require the petitioner to prove that the charge has not resulted in a final conviction "*of that particular* charge").

determining sentence for the second offense under penal code section 12.45, the admitted, unadjudicated offense is not expungable; that is, the unadjudicated offense has resulted in a final conviction for purposes of the expunction statute because guilt for the offense was admitted and considered in determining punishment, albeit for another offense.

Our interpretation of the expunction statute as a bar to expunction for a plea in bar offense considered under section 12.45 is consistent with another provision of article 55.01. *See Sw. Bell Tel. Co. v. Pub. Util. Comm'n of Tex.*, 888 S.W.2d 921, 926 (Tex. App.—Austin 1994, writ denied) (stating that we do not construe a statutory provision in isolation or give one provision a meaning out of harmony or inconsistent with another provision). Article 55.01(c) prohibits expunction of arrest records for an offense of which the person is subsequently acquitted if that offense "arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode." Tex. Code Crim. Proc. Ann. art. 55.01(c). In this case, had N.R.J. been acquitted of the possession offense, article 55.01(c) would prohibit expunction of the records relating to that offense because he was convicted of DWI arising out of that criminal episode. *See* Tex. Penal Code Ann. § 3.01 (West 2011) (defining "criminal episode" to mean commission of two or more offenses committed pursuant to the same transaction). We see no reason for the legislature to allow expunction for an offense arising out of the same criminal episode as another

11

offense for which a petitioner is convicted when the petitioner admits guilt for that offense pursuant to section 12.45 but not when the petitioner is acquitted of that offense. In fact, to so hold would constitute an absurd and nonsensical result. *See Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011).

Our interpretation of the expunction statute, specifically the has-not-resulted-in-a-final-conviction requirement, is also consistent with our sister courts' application of this statutory requirement to charges that have been dismissed in exchange for the petitioner's plea of guilty or no contest to a lesser offense or a separate offense arising out of the arrest when the petitioner was convicted of that lesser or separate offense. Although the section 12.45 procedure does not provide for or require "dismissal" of the admitted, unadjudicated offense, section 12.45 requires that the State agree to its use and, consequently, to be barred from prosecuting that offense in exchange for the defendant admitting guilt to the unadjudicated offense and the trial court considering that offense in punishment for another offense. *See* Tex. Penal Code Ann. § 12.45. Thus, the section 12.45 procedure resembles a negotiated plea, analogous to the situation in which charges are dismissed in exchange for a defendant's plea to a lesser or separate offense. *See J.S.H.*, 37 S.W.3d at 164–65 (explaining that section 12.45 procedure saves the State "the cost and effort of prosecuting the additional offenses while the defendant enjoys the 'slate cleaning' benefit of disposing of the additional charges without formal prosecution"). Courts analyzing the availability of an expunction in the latter situation have unanimously held that an

12

expunction is unavailable for the dismissed charges. *See G.B.E.*, 2014 WL 1165854, at *1, *5–6; *see also Ex parte M.G.*, No. 10-13-00021-CV, 2013 WL 3972225, at *2 (Tex. App.—Waco Aug. 1, 2013, no pet.) (mem. op.) (concluding that the petitioner failed to prove entitlement to expunction under current article 55.01 when he pleaded guilty to a lesser charge in exchange for dismissal); *In re J.O.*, 353 S.W.3d 291, 294 (Tex. App.—El Paso 2011, no pet.) (concluding same under former article 55.01); *Rodriguez v. State*, 224 S.W.3d 783, 785 (Tex. App.—Eastland 2007, no pet.) (holding that under former article 55.01, the petitioner was not entitled to an expunction for a theft charge dismissed pursuant to a plea bargain by which she pleaded nolo contendere to issuance of bad check); *Tex. Dep't of Pub. Safety v. Aytonk*, 5 S.W.3d 787, 788 (Tex. App.—San Antonio 1999, no pet.) (concluding that the petitioner was ineligible for expunction where dismissal of the charge was obtained in exchange for plea of no contest to lesser charge).

Most recently, the Austin court of appeals interpreted the has-not-resulted-in-a-final-conviction requirement in a case where the petitioner sought an expunction for his DWI charge that had been dismissed in exchange for his plea of no contest to reckless driving. *See G.B.E.*, 2014 WL 1165854, at *1, *5–6. The Austin court held that the DWI charge, although dismissed, had resulted in a final conviction for reckless driving based on the plea bargain:

> Viewing the statute as a whole and keeping in mind its general purpose of permitting the expunction of wrongful arrests, we conclude that a person is not entitled to have any arrest records

13

arising from a multi-charge arrest expunged under article 55.01(a)(2) when (1) one or more charges result in a conviction (for that particular charge) and (2) any remaining charge is dismissed, but that dismissal results in a final conviction of *any* charge arising from the same arrest.

*Id.* at *6. Similarly, in the situation we are faced with today, N.R.J.'s DWI charge resulted in a final conviction and the possession charge is barred from prosecution because the trial court considered that offense—and N.R.J.'s admission of guilt to that offense—in determining the sentence for DWI.

N.R.J. argues that the most recent amendments to article 55.01 and their legislative history reflect the legislature's desire to expand the availability of the expunction remedy and provide for expunctions in situations like his. Section 55.01 was enacted "to permit the expunction of records of wrongful arrests." *Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). And courts applying article 55.01 have consistently held that allowing a person to expunge individual charges arising out of an arrest that was not wrongful is contrary to the primary purpose of the expunction statute. *See O.R.T.*, 414 S.W.3d at 335 ("When a defendant admits guilt to an offense arising out of an arrest, he concedes that the arrest was not wrongful for purposes of the expunction statute."); *Dicken*, 415 S.W.3d at 480–81 (stating same); *Ex parte M.R.L.*, No. 10-11-00275-CV, 2012 WL 763139, at *3 (Tex. App.—Waco Mar. 7, 2012, pet. denied) (mem. op.) (stating same); *M.M.*, 354 S.W.3d at 928 (stating same).

14

We acknowledge that the legislative intent behind the most recent amendments to article 55.01 was to lower the barrier to expunctions for cases that have been dismissed. *See* Senate Research Center, Bill Analysis, Tex. S.B. 462, 82nd Leg., R.S. (Apr. 8, 2011). Specifically, the bill analysis provides,

> Current law and court decisions have made it increasingly difficult for a person who has certain criminal charges that have been dismissed to receive an expunction. This was compounded by the July 2007, Texas Supreme Court ruling in *State vs. Beam* where the Court ruled that even a Class C misdemeanor that has been dismissed through completion of deferred adjudication cannot be expunged until the statute of limitations for the offense has expired.
>
> Texas law allows the records of criminal charges to be expunged only under a narrow set of circumstances. Those circumstances include when a case has resulted in acquittal, when a person has received a pardon, and when the charges are the result of mistaken or misused identify.
>
> The ramifications of this legal barrier have negative consequences for persons seeking employment when confronted with employers who now routinely implement background checks. If a case has been dismissed, is no longer under investigation and the subject no longer faces prosecution for the offense, an individual should be able to have a record expunged.

*Id.* The legislature made several amendments to article 55.01 in accordance with this intent. For example, a person may now obtain an expunction of arrest records for a felony or misdemeanor charge that did not result in a final conviction, that is no longer pending, and for which there is no court-ordered community supervision regardless of whether any statute of limitations exists for the offense or whether any limitations period has expired, provided a certain waiting period has passed. *See* Tex. Code Crim. Proc. Ann. art.

15

55.01(a)(2)(A)(i)(a)–(c); *see also* House Comm. Report, Bill Analysis, Tex. C.S.S.B. 462, 82nd Leg., R.S. (Apr. 8, 2011).  N.R.J. points out that the statute now requires that there was no community supervision ordered for "*the offense*," whereas the former version required that there was no community supervision ordered for "*any offense.*"  *Compare* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (emphasis added), *with* Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 17(b), 2009 Tex. Gen. Laws 3019, 3020 (amended 2011) (current version at Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)) (emphasis added).  He argues that this change clarifies that courts should focus solely on the disposition of the offense sought to be expunged.  But the requirement that "there is no court-ordered community supervision under Article 42.12 for the offense" is separate from the requirement to show that the charge has not resulted in a final conviction.  *G.B.E.*, 2014 WL 1165854, at *6 (rejecting same argument raised on appeal).

Further, nothing in the most recent amendments to article 55.01 shows that the legislature intended to override the statute's primary purpose of permitting expunction of *wrongful* arrests.[6]  And the legislature did not alter the

---

[6]As evidence that article 55.01 allows for expunctions in absence of a wrongful arrest, the dissent points to a provision in the statute that allows an expunction when the indictment or information was dismissed or quashed because the person completed a pretrial intervention program. Dissent @ 3. We do not dispute that the legislature may—and has—provided for expunctions in absence of a wrongful arrest, and has made amendments to the statute geared toward "rehabilitation," *see Nail*, 305 S.W.3d at 682, but a plea in bar like that presented in this case does not serve a rehabilitative purpose, unlike a pretrial intervention program.  *See* Tex. Gov't Code Ann. § 76.011 (West Supp. 2014)

16

requirement that "the charge, if any, has not resulted in a final conviction." *Compare* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2), *with* Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 17(b), 2009 Tex. Gen. Laws 3019, 3020 (amended 2011); *see also Molinet*, 356 S.W.3d at 414 ("The Legislature expresses its intent by the words it enacts."); *AT&T Commc'ns of Tex., L.P. v. Sw. Bell Tel. Co.*, 186 S.W.3d 517, 528–29, n.3 (Tex. 2006) ("[T]he statement of a single legislator, even the author and sponsor of the legislation, does not determine legislative intent.").

Viewing the expunction statute as a whole and considering its primary purpose of permitting expunctions of wrongful arrests, we hold that an admission of guilt to an offense in the course of a plea to another offense arising out of the same arrest and a request that the trial court consider that admission in determining sentence for the other offense bars an expunction for the admitted to, unadjudicated offense. In this case, N.R.J. pleaded nolo contendere to DWI, and "in the course of [his] plea" and with the State's consent, he admitted guilt to the possession offense pursuant to section 12.45. The trial court considered the possession offense in assessing punishment for DWI. By admitting guilt to the possession charge, N.R.J. admitted that the arrest was not wrongful. *See O.R.T.*, 414 S.W.3d at 335; *M.M.*, 354 S.W.3d at 926; *see also J.T.S.*, 807 S.W.2d at 574. And because, pursuant to penal code section 12.45, the trial

---

(providing for programs for the supervision and rehabilitation of persons pretrial). And the primary purpose of article 55.01 remains to apply to wrongful arrests.

17

court considered the admitted possession offense in determining sentence for the DWI offense, the possession charge "resulted in" his DWI conviction.[7] *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2).

Based on the foregoing, we conclude that N.R.J. failed to sustain his burden of proving entitlement to expunction. *See Nail*, 305 S.W.3d at 674*; J.H.J.*, 274 S.W.3d at 806. Accordingly, we hold that the trial court abused its discretion when it granted his petition for expunction. *See Heine*, 92 S.W.3d at 646; *see also O.R.T.*, 414 S.W.3d at 336. We sustain the State's second issue.

## VII. CONCLUSION

Having overruled the State's third issue and sustained the State's first and second issues, we reverse the trial court's judgment and render judgment that N.R.J.'s petition for expunction is denied.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

---

[7]The State argues in its third issue that the possession charge "remained pending" following his plea in bar. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (requiring that the charge "has not resulted in a final conviction *and is no longer pending*") (emphasis added). We fail to see how an offense remains "pending" following a plea in bar in which prosecution for that offense is barred. The State relies on *M.M.* for support, specifically its conclusion that although the State was not permitted to prosecute M.M. for an offense taken into consideration under section 12.45, the indictment for that offense "was not dismissed and *remained pending*." 354 S.W.3d at 925 (emphasis added). But *M.M.* specifically applied and dealt with former subarticle 55.01(a)(2)(A)'s requirement that any felony indictment be "dismissed," which is not applicable here. *See id.* at 925, 927. We overrule the State's third issue.

18

DAUPHINOT, J., filed a dissenting opinion.

DELIVERED:  November 26, 2014