

**NUMBER 13-14-00234-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**EX PARTE YOUNG THOMS BROWN JR. A/K/A YOUNG THOMAS BROWN**

**On appeal from the 156th District Court
of San Patricio County, Texas.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Chief Justice Valdez**

Appellant Young Thoms Brown Jr. a/k/a Young Thomas Brown requested an expunction of criminal records of a burglary of a building, a felony that appellant allegedly committed on February 2, 2009.  *See* TEX. CRIM. PROC. CODE ANN § art. 55.01 (West, Westlaw through Ch. 46 2015 R.S.).  By one issue, appellant challenges the trial court's denial of his petition for expunction.  We affirm.

## I. BACKGROUND

On August 11, 2009, appellant was arrested in Sinton, Texas for burglary of a building alleged to have occurred on February 3, 2009.  A month later, appellant was

charged with criminal trespass, a Class B misdemeanor. The record shows that the criminal trespass offense was then transferred to the County Clerk of San Patricio County. The record does not reveal whether the burglary of a building offense was dismissed or transferred.

On February 14, 2014, appellant filed a petition for expunction of records relating to the burglary of a building offense, and a hearing was held on April 1, 2014. At the hearing, counsel for appellant stated that he "believed" that the District Attorney determined that burglary of a building was not an appropriate charge and that the charge had been reduced to a misdemeanor as a result. The record shows no evidence supporting the counsel's contentions. Appellant stated that he "believed" that the charge of burglary of a building had been dismissed. The judge stated, "That I believe so just doesn't help me at all." The judge then requested documents showing that the burglary of a building offense had actually been dismissed. However, appellant did not provide any evidence to the trial court showing that the burglary of a building charge had been dismissed. Thus, on April 10, 2014, the trial court denied appellant's petition for expunction of records relating to the burglary of a building offense. This appeal followed.

## II. EXPUNCTION

### A. Standard of review

A trial court's grant or denial of a petition for expunction is reviewed under an abuse of discretion standard. *Travis Cnty. Dist. Atty. v. M.M.*, 354 S.W.3d 920, 922 (Tex. App.—Austin 2011, no pet.). A trial court abuses its discretion when it expunges the petitioner's records if the petitioner fails to meet the statutory requirements. *In re O.R.T.,* 414 S.W.3d 330, 332 (Tex. App.—El Paso 2013, no pet.). A failure by the trial court to correctly analyze or apply the law will also constitute an abuse of discretion. *Walker v. Packer*, 827

2

S.W.2d. 833, 839 (Tex. 1992); *see also Tex. Dept. of Public Safety v. G.E.B.*, No. 03–13–00017–CV, 2014 WL 1165854, at *1 (Tex. App.—Austin Mar. 20, 2014, pet. denied Nov. 21, 2014) (mem. op.). Accordingly, this Court will review de novo the trial court's conclusion that appellant failed to meet the statutory requirements. *In re RB*, 361 S.W.3d 184, 186 (Tex. App.—El Paso 2012, pet. denied).

## B. Applicable Law

Expunction of criminal records is governed by Article 55.01 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 55.01. The purpose of expunction is to allow a person who has been arrested for the commission of an offense to have all information about the arrest removed from the State's records. *State v. N.R.J.*, 453 S.W.3d 76, 79 (Tex. App.—Fort Worth 2014, pet. filed). Expunction is a statutory privilege, not a constitutional or common-law right. *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 479 (Tex. App.—San Antonio 2013, no pet.). Although the expunction statute is located in the Texas Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature. *Tex. Dept. of Pub. Safety v. J.H.J.,* 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The petitioner seeking an expunction carries the burden of proving that all statutory requirements have been satisfied. *Id.* If the petitioner fails to satisfy any of the requisites of the expunction statute, he is not entitled to an expunction as a matter of law. *Collin Cnty. Dist. Attorney's Office v. Fourrier*, 453 S.W.3d 536, 539 (Tex. App.—Dallas 2014, no pet.). The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to comply. *Tex. Dep't of Pub. Safety v. Fredricks,* 235 S.W.3d 275, 281 (Tex. App.—Corpus Christi, 2007, no pet.).

## B.    Discussion

By one issue, appellant contends that the trial court abused its discretion when it denied the petition for expunction arguing that he met all the requirements of the current version of article 55.01 of the Texas Code of Criminal Procedure. TEX. CRIM. PROC. CODE ANN. art. 55.01. Appellant also argues that the trial court relied on the outdated language of the former version of the statute to determine whether he was entitled to expunge the records of the burglary of a building offense.

The pertinent part of the former version of article 55.01 of the Texas Code of Criminal Procedure provided that:

> A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or a misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, *if an indictment or information charging the person with commission of a felony was presented*, the indictment or information has been dismissed or quashed, and:
>
>> (ii) *the court finds that the indictment or information was dismissed or quashed* because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

*See* Act of September 1, 2011, 82nd Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275–2277 (current version at TEX. CODE CRIM. PROC. ANN. art. 55.01) (emphasis added). The current version of article 55.01 of the Texas Code of Criminal Procedure states that:

> A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or a misdemeanor is entitled to have all records and files relating to the arrest expunged if:

4

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

> (ii) *if [the indictment or information was] presented at any time following the arrest, was dismissed or quashed*, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void.

*Id.* (emphasis added).

As shown above, the former and the current version of the statute both contain the same language regarding a petitioner's requirement to prove that the offense was dismissed in order to qualify for an expunction of records. *See Ex parte Cephus*, 410 S.W.3d 416, 420 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that under the current version of the statute, appellant had to prove that the charge had been dismissed or quashed in order to expunge records of the offense); *see also Tex. Dept. of Pub. Safety v. Zuniga*, No. 13-09-00611-CV, 2010 WL 2543935, at *2 (Tex. App.—Corpus Christi Jun. 24, 2010, no pet.) (mem. op.) (holding that under the former version of the statute, appellant was required to prove that the charge was dismissed in order to be entitled for an expunction). Therefore, under the former and current version of article 55.01, in order to be entitled to expunction of the records of the burglary of a building offense, appellant had the burden of providing evidence that that particular offense had been dismissed. *M.M.*, 354 S.W.3d at 924.

5

Thus, even assuming for purposes of our analysis that the current version of the statute allows expunction of independent offenses as argued by appellant, appellant was required to show that (1) an indictment or information charging him with the commission of a misdemeanor offense or felony offense arising out of the same transaction has not been presented; or (2) if presented, appellant had to show that the indictment or information was dismissed or quashed because he completed a pretrial intervention program, or because the presentment was the result of a mistake, false information, or other similar reason indicating lack of probable cause to believe the person committed the offense, or because the indictment was void. *N.R.J.*, 453 S.W.3d at 762; *see* TEX. CRIM. PROC. CODE ANN. § art. 55.01.

In this case, appellant failed to satisfy the first element because the record shows that appellant was indicted for the burglary of a building offense and for the criminal trespass offense; therefore, the indictment charging him with burglary of a building was presented. Because the indictment was presented, appellant had to show that the charge was dismissed in order to qualify for an expunction. TEX. CRIM. PROC. CODE ANN. § art. 55.01 (West 2011). A case is dismissed when the court has ordered a dismissal of the offense. *Dicken*, 415 S.W.3d at 480. In the present case, appellant and his trial counsel stated that each believed the burglary of a building offense had been dismissed. However, as the fact finder, the trial court was free to disbelieve these unsubstantiated assertions or to find that the assertions based only on a "belief" were not credible. *See Harris Cnty. Dist. Attorney's Office v. Pennington*, 882 S.W.2d 529, 531 (Tex. App.—Houston [1st Dist. 1994, no pet.) ("The trial court, as fact finder, was the sole judge of the credibility of the witness and could have believed or disbelieved all or any part of the prosecutor's testimony.") (citing *Ex parte Aiken*, 766 S.W.2d 580, 582 (Tex. App.—Dallas

6

1989, no writ)). Thus, the trial court asked for documentary evidence showing that the burglary charge had been dismissed. Appellant, however, failed to provide any documentary evidence indicating that the offense was dismissed or no longer pending. In addition, nothing in the record shows that the arrest for burglary of a building was the product of a mistake, false information or lacked probable cause. Therefore, because appellant failed to submit records indicating the dismissal of the burglary of a building offense, and the trial court may have disbelieved appellant and his trial counsel, we conclude that the trial court did not abuse its discretion by denying appellant's expunction petition because appellant failed to meet the statutory requirements of article 55.01 under the current version of the statute.[1]

### III. CONCLUSION

We affirm the trial court's judgment.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
23rd day of July, 2015.

---

[1] We will not address the issue of whether the current statute allows expunction of individual offenses or all the offenses arising out of the arrest because regardless of the approach we adopt, appellant must have provided evidence that the burglary of a building offense was dismissed under either version of the statute. *See* TEX. R. APP. P. 47.4.