**Reverse and Render; Opinion filed December 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01645-CV

**THE COLLIN COUNTY DISTRICT ATTORNEY'S OFFICE, Appellant**
**V.**
**HAYDEN SELBY FOURRIER, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-02258-2013**

## OPINION

Before Justices Bridges, Lang-Miers, and Fillmore
Opinion by Justice Fillmore

The Collin County District Attorney's Office (the District Attorney) appeals the trial court's judgment granting appellee Hayden Selby Fourrier's petition for expunction of criminal records related to his arrest for theft. In two issues, the District Attorney asserts the trial court erred by granting expunction because (1) Fourrier produced no evidence in support of his petition for expunction, and (2) expunction was not available to Fourrier since he served community supervision for an offense arising out of the arrest he sought to expunge. We reverse the trial court's order of expunction and render judgment denying Fourrier's petition for expunction.

**Background**

On July 20, 2011, Fourrier was arrested for the alleged offenses of theft of property with a value of more than $50 and less than $500, *see* TEX. PENAL CODE ANN. § 31.03(e)(2)(A)(i) (West Supp. 2014), and evading arrest or detention, *see id.* § 38.04 (West Supp. 2014). Fourrier pleaded guilty to the evading arrest charge, and he was sentenced to six months' deferred adjudication community supervision and a fine. Fourrier filed a petition for expunction of all records and files related to his arrest for theft. The District Attorney filed an answer denying and demanding strict proof of the allegations in Fourrier's petition for expunction and asserting Fourrier was ineligible for expunction of the theft charge because he had been charged with both misdemeanor theft and misdemeanor evading arrest or detention arising out of the theft arrest.[1] After a hearing on Fourrier's petition for expunction, the trial court signed the order granting the petition for expunction. The District Attorney's motion for reconsideration of the order granting the petition for expunction was denied, and this appeal followed.

**Burden of Proof and Standard of Review**

The remedy of expunction allows a person who has been arrested for the commission of an offense to have the records and files relating to the arrest expunged if he meets the statutory requirements of article 55.01 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2014); *see also Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 674 (Tex. App.—Austin 2010, no pet.) (op. on reh'g). A petitioner's right to expunction is neither a constitutional nor common law right, but rather a statutory privilege. *Ex parte S.C.*, 305 S.W.3d 258, 260 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Where a cause of action is created by statute, all of its provisions are mandatory and exclusive, requiring strict compliance for the action to be sustained. *Harris Cnty. Dist. Attorney v. Lacafta*, 965 S.W.2d

---

[1] The Texas Department of Public Safety (DPS) also filed a general denial of the allegations contained in Fourrier's petition for expunction and demanded strict proof of the allegations. However, the DPS did not appeal the trial court's order granting Fourrier's petition for expunction.

568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.). The trial court has no equitable power to extend the protections of the expunction statute beyond its stated provisions. *See Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Although the expunction statute appears in the code of criminal procedure, an expunction proceeding is civil in nature, *Lacafta*, 965 S.W.2d at 569, and the petitioner carries the burden of proving compliance with the statutory requirements. *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied).

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Id.* However, to the extent a ruling on expunction turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or applying the law to the facts. *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 478 (Tex. App.—San Antonio 2013, no pet.); *see also Travis Cnty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 927 (Tex. App.—Austin 2011, no pet.) (en banc) (op. on reh'g) (de novo standard of review utilized in construing statutes and in reviewing trial court's legal conclusions, and petitioner is entitled to expunction only if he satisfies all statutory requirements). "A trial court abuses its discretion if it orders an expunction of records despite a petitioner's failure to satisfy all of the statutory requirements." *In re O.R.T.*, 414 S.W.3d 330, 332 (Tex. App.—El Paso 2013, no pet.). "Thus, regardless of the focus of the parties' briefs, we conclude that if [the petitioner] fails to satisfy any of the requisites of the expunction statute, [he] is not entitled to expunction as a matter of law." *M.M.*, 354 S.W.3d at 927. The trial court also may abuse its discretion if it fails to analyze or apply the law correctly. *In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex. 2010) (orig. proceeding) (per curiam).

**Sufficiency of the Evidence**

In his first issue, the District Attorney challenges the legal sufficiency of the evidence supporting the expunction order. Fourrier argues the District Attorney's first issue is moot because it was not preserved. However, in a nonjury case, a complaint regarding the legal or factual sufficiency of the evidence may be made for the first time on appeal in the complaining party's brief. TEX. R. APP. P. 33.1(d). Further, Fourrier's argument overlooks the District Attorney's contention in the motion for reconsideration of the order granting the petition for expunction that Fourrier failed to establish he met the statutory requirements for an expunction. We, therefore, consider whether Fourrier met his burden of establishing his entitlement to expunction under subparagraph (a)(2) of article 55.01.

*Analysis*

An appellant attacking the legal sufficiency of an adverse finding on an issue on which it did not have the burden of proof must demonstrate there is no evidence to support the trial court's adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983); *Kirkland v. Schaff*, 391 S.W.3d 649, 655 (Tex. App.—Dallas 2013, no pet.). Evidence is legally sufficient if it rises to a level that would enable a reasonable and fair-minded fact finder to make the finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). A legal sufficiency challenge fails if there is more than a scintilla of evidence to support the finding. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006). Evidence does not exceed a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact exists. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Kindred v. Con/Chem Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

In petitioning for expunction of the theft charge, Fourrier relied on article 55.01(a)(2)(A)(ii), "because an indictment or information was presented, but the same was

–4–

subsequently dismissed or quashed on October 20, 2011." Article 55.01(a)(2) provides in pertinent part that:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> * * *
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:
>
> (A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:
>
> * * *
>
> (ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void; or
>
> (B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). The phrase "provided that" used in subparagraph (a)(2) of article 55.01 is conditional language. Consequently, Fourrier was required to prove entitlement to expunction under the general conditions of subparagraph (a)(2), and also to prove that the terms of either subparagraph (a)(2)(A)(ii) or (a)(2)(B) were satisfied. *See id.*; *Heine*, 92 S.W.3d at 646 (because expunction is civil proceeding, petitioner has burden of establishing that statutory requirements have been met).

In his petition, Fourrier asserted the theft charge has not resulted in a final conviction. In his brief supporting his petition for expunction filed with the trial court, Fourrier stated, "A plea agreement was worked out in which Mr. Fourrier would plea to the evading charge and the State would drop the theft charge," and he was not seeking to expunge the information regarding the evading arrest or detention charge "which he pled to." However, Fourrier offered no evidence at the hearing on his petition for expunction, either on the subject of resolution of the theft charge or on any other matter.

Fourrier argues on appeal that the District Attorney did not object to any hearing "testimony." However, there was no testimony at the hearing; there was only argument of counsel. Although Fourrier's petition for expunction was verified, "[t]he law is well-settled that a party's pleadings are not evidence of the facts alleged therein." *NBS S., Inc. v. Mail Box, Inc.*, 772 S.W.2d 470, 471–72 (Tex. App.—Dallas 1989, writ denied); *see also Tex. Dep't of Pub. Safety v. Borhani*, No. 03-08-00142-CV, 2008 WL 4482676, at *4 (Tex. App.—Austin Oct. 3, 2008, no pet.) (mem. op.) ("The allegations alone in a verified petition, after being put in issue by a general denial, do not constitute proof of those allegations."). Fourrier further argues on appeal that the District Attorney "stipulated to the facts to the [trial] court." While the record contains no formal stipulation to the facts by the District Attorney, we note the District Attorney's answer contains facts that may be considered as judicial admissions by the District Attorney. *See Finklea v. Jacksonville Daily Progress*, 742 S.W.2d 512, 514 (Tex. App.—Tyler 1987, writ dism'd w.o.j.) (while pleadings do not constitute proof, facts alleged in those pleadings may constitute judicial admissions); *see also Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) ("Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. Any fact admitted is conclusively established in the case without the introduction of the pleadings or presentation of

other evidence."). A judicial admission takes the matter out of the domain of proof; it is not evidence, but serves as a substitute for evidence. *Hercules Exploration, Inc. v. Halliburton Co.*, 658 S.W.2d 716, 719 (Tex. App.—Corpus Christi 1983, writ ref'd n.r.e.).

In the "relevant facts" section of his answer, the District Attorney stated that Fourrier was arrested for theft and evading arrest or detention, he pleaded guilty to the evading arrest or detention charge and "was sentenced to six months' community supervision and a $300 fine," and the District Attorney filed a motion to dismiss the theft charge. Attached to the answer is a copy of the motion to dismiss filed by the District Attorney. The motion to dismiss states that Fourrier was convicted of the offense of evading arrest and sentenced to six months' deferred adjudication. The motion to dismiss further provides:

> Pursuant to Section 12.45 of the Texas Penal Code, the charge currently pending before this court was considered by the presiding judge . . . in assessing the punishment [of deferred adjudication] as an unadjudicated offense, with the agreement of . . . [the] Assistant District Attorney. Prosecution for the charge currently pending before this court is now barred.

Section 12.45 of the penal code provides that, during a sentencing hearing and with the State's consent, a defendant may admit his guilt of an unadjudicated offense and request that the court take the offense into account in determining the sentencing for the offense for which he stands adjudged guilty. TEX. PENAL CODE ANN. § 12.45(a) (West 2011). If the trial court takes into account an admitted offense under section 12.45, prosecution for that offense is barred. *Id.* § 12.45(c). [2]

In assessing whether Fourrier established entitlement to expunction under subparagraph (a)(2)(A), we address whether an admission of guilt of an offense and a request that the trial court consider that admission as a plea in bar in determining punishment for another offense

---

[2] Although the section 12.45 procedure does not provide for or require "dismissal" of the admitted, unadjudicated offense, the State must agree to its use and, consequently, will be barred from prosecuting that offense in exchange for the defendant admitting guilt of the unadjudicated offense and the trial court considering that offense in punishment for another offense. *See* TEX. PENAL CODE ANN. § 12.45(c).

under penal code section 12.45 precludes expunction of the admitted, unadjudicated offense. Whether the records and files of an offense can be expunged when the petitioner admits guilt of that offense pursuant to penal code section 12.45 presents an issue of first impression for this Court.

Several of our sister courts have interpreted the statutory requirement that "the charge has not resulted in a final conviction" as prohibiting an expunction of a plea in bar offense. Those courts have held that a plea in bar offense "resulted in a final conviction" for another offense by virtue of being considered in assessing punishment for the latter offense. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *State v. N.R.J.*, No. 02-13-00082-CV, 2014 WL 6806893, at *4 (Tex. App.—Fort Worth Nov. 26, 2014, no pet. h.) (when pursuant to section 12.45 of penal code, defendant admits guilt of an offense in course of pleading guilty or nolo contendere to second offense and requests the trial court account for that admission in determining sentence for second offense, the admitted, unadjudicated offense is not expungable; "that is, the unadjudicated offense has resulted in a final conviction for purposes of the expunction statute because guilt for the offense was admitted and considered in determining punishment, albeit for another offense"); *Ringo v. State*, Nos. 09-14-00251-CV, 09-14-00252-CV, 2014 WL 5409060, at *2 (Tex. App.—Beaumont Oct. 23, 2014, no pet.) (mem. op.) (criminal actions against petitioner were barred from further prosecution under section 12.45 of the penal code, and, for that reason, petitioner was not entitled to expunction of criminal actions dismissed under section 12.45); *Dicken*, 415 S.W.3d at 480 (concluding that expunction of felony possession-of-controlled-substance charge was not available under article 55.01 where felony charge "was taken into consideration" in misdemeanor driving-while-intoxicated plea pursuant to section 12.45 of the penal code); *In re O.R.T.*, 414 S.W.3d at 335 ("The language of [former article 55.01(a)(2)(B)] does not require that a final conviction be the result of the particular

unadjudicated offense that a petitioner is requesting be expunged, but rather expunction is unavailable if the admitted, unadjudicated offense has resulted in any final conviction.").

We agree with those courts that have held that when a defendant admits guilt of an offense in the course of pleading guilty or nolo contendere to a second offense, and requests that the trial court account for that admission in determining the sentence for the second offense under penal code section 12.45, the admitted, unadjudicated offense cannot be expunged pursuant to section 55.01(a)(2) of the code of criminal procedure. That is, here, Fourrier's unadjudicated offense of theft resulted in a final conviction for purposes of the expunction statute because guilt for the offense was admitted and considered in determining punishment for his evading arrest or detention offense. Therefore, Fourrier is not entitled to expunction of the theft charge as he failed to establish the requirement of article 55.01(a)(2) that the charge has not resulted in a final conviction.[3]

Consequently, we conclude, as a matter of law, Fourrier failed to prove that the theft charge did not result in a final conviction, an essential element of his claim for expunction.

---

[3] We note that even if Fourrier had established entitlement to expunction of the theft charge under article 55.01(a)(2), he failed to establish entitlement to an expunction of the charge under subparagraph(A)(ii). Fourrier failed to establish the threshold requirement of article 55.01(a)(2)(A)(ii) that the indictment or information for the theft charge was dismissed or quashed. In his petition for expunction, Fourrier asserted he was entitled to expunction of the records and files relating to the theft offense under article 55.01(a)(2)(A)(ii) because, although an indictment or information was presented, "the same was subsequently dismissed or quashed on October 20, 2011." In his answer, the District Attorney stated the theft charge "was considered as part of the evading charge, and the State filed a motion to dismiss the theft charge on the same day." While the District Attorney filed a motion to dismiss the theft charge, the record contains no signed order granting the motion to dismiss the theft charge. Therefore, Fourrier failed to prove the indictment was dismissed or quashed under article 55.01(a)(2)(A)(ii). *See Ex parte Cephus*, 410 S.W.3d 416, 420 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("Even if a void indictment is shown, the expunction statute still requires that the indictment must have been dismissed or quashed prior to conviction."). Further, Fourrier offered no evidence to satisfy a requirement of article 55.01(a)(2)(A)(ii) that the indictment or information was dismissed or quashed because he "completed a pretrial intervention program authorized under Section 76.011, Government Code," that "the presentment had been made because of mistake, false imprisonment, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense," or that "the indictment or information was void." *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii). In its order granting expunction, the trial court found "that the circumstances surrounding the dismissal of said offense or the quashing of the indictment or information indicate that the indictment or information was void." However, there is no evidence the indictment or information was dismissed or quashed because it was void. *See id*.

Although in his petition for expunction Fourrier did not assert entitlement to expunction of the theft charge under article 55.01(a)(2)(B), in his brief in support of his petition for expunction, Fourrier stated "the statute of limitations has tolled for the theft charge," and at the hearing on the petition for expunction, Fourrier's counsel stated he "believe[d] the statute of limitations has run." Under article 55.01(a)(2)(B), a person is entitled to have the records and files relating to the arrest expunged if the person satisfies the requirements of subparagraph (a)(2) and prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired. Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B). Fourrier is unable to satisfy the requirements of subparagraph (a)(2). Therefore, whether or not prosecution of Fourrier for the offense of theft was barred by limitations, Fourrier was not entitled to expunction of the theft charge under article 55.01(a)(2)(B).

Under these circumstances, we conclude the trial court abused its discretion by granting Fourrier's petition for expunction of records and files related to his theft arrest. We resolve the District Attorney's first issue in his favor.

In his second issue, the District Attorney contends the trial court abused its discretion by granting Fourrier's petition for expunction of the theft charge because Fourrier served community supervision for evading arrest or detention, an offense arising out of the arrest he sought to expunge. Having concluded in resolving the District Attorney's first issue that the trial court erred by granting Fourrier's petition for expunction, we need not address the District Attorney's second issue. *See* TEX. R. APP. P. 47.1.

### Conclusion

We reverse the trial court's judgment granting Fourrier's petition for expunction, and we render judgment denying Fourrier's petition for expunction.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


131645F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE COLLIN COUNTY DISTRICT
ATTORNEY'S OFFICE, Appellant

No. 05-13-01645-CV        V.

HAYDEN SELBY FOURRIER, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas,
Trial Court Cause No. 401-02258-2013.
Opinion delivered by Justice Fillmore,
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court granting appellee's petition for expunction is **REVERSED** and judgment is **RENDERED** that appellee's petition for expunction is **DENIED**.

It is **ORDERED** that appellant The Collin County District Attorney's Office recover its costs of this appeal from appellee Hayden Selby Fourrier.

Judgment entered this 22nd day of December, 2014.