**Reverse and Render; Opinion Filed June 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00464-CV

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**
**V.**
**ERICA KAY JACKSON, Appellee**

**On Appeal from the 354th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 79,917**

# MEMORANDUM OPINION

Before Chief Justice Wright, Justice Brown, and Justice Stoddart
Opinion by Justice Stoddart

The Texas Department of Public Safety (DPS) filed a restricted appeal of the trial court's order granting the petition for expunction filed by Erica Kay Jackson. In a single issue, DPS argues the evidence is insufficient to show Jackson is entitled to an expunction. We reverse the trial court's order of expunction, and render judgment denying Jackson's petition for expunction.

FACTUAL BACKGROUND

The facts underlying this appeal are not disputed. Jackson was charged with possession of a controlled substance. In the county court at law (County Court), Jackson pleaded guilty to the offense and on May 17, 2011, the County Court entered an "Order of Deferred Adjudication; Community Supervision," placing Jackson on community supervision for twelve months. On August 30, 2013, Jackson filed an "Agreed Motion for New Trial and Motion in Arrest of

Judgment" (Motion). In the Motion, Jackson stated she "successfully completed the assigned deferred probation term of 12 months" and acknowledged she was filing an "Out of Time Motion for New Trial." The County Court granted the Motion. The prosecuting attorney then filed a motion to dismiss the criminal action "[i]n the interest of justice." On September 11, 2013, the County Court entered an order dismissing the criminal action against Jackson.

On October 1, 2013, Jackson filed a petition for expunction, asking the trial court to expunge all criminal records and files pertaining to her arrest. DPS filed an answer opposing the motion on the ground that Jackson received deferred adjudication and served community supervision as a consequence of her arrest. The trial court held a hearing on the petition for expunction, but DPS did not appear at the hearing. However, counsel for the Hunt County District Attorney's Office informed the trial court that the DA's office did not oppose Jackson's petition. Following the hearing, the trial court entered an order of expunction. DPS filed this restricted appeal arguing error is apparent on the face of the record.

LAW & ANALYSIS

A restricted appeal must (1) be brought within six months after the judgment was signed; (2) by a party to the underlying lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) complain of error apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); *Bank of New York Mellon v. Redbud 115 Land Trust*, 452 S.W.3d 868, 870-71 (Tex. App.—Dallas 2014, pet. denied). For purposes of a restricted appeal, the record consists of all papers filed in the appeal, including the reporter's record. *In re E.M.V.*, 312 S.W.3d 288, 290 (Tex. App.—Dallas 2010, no pet.). It is uncontested that DPS filed the restricted appeal within six months of the date the trial court signed the order of expunction and

DPS did not participate in the hearing and did not file any motions or requests for findings of fact or conclusions of law after the order issued. Additionally, DPS is listed in the petition for expunction as an entity that may have records pertaining to Jackson's arrest or offense, which is sufficient to make DPS a party to the suit. *See Tex. Dep't of Pub. Safety v. Foster*, 398 S.W.3d 887, 890 (Tex. App.—Dallas 2013, no pet.). The issue before us, then, is whether there is error apparent on the face of the record.

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Collin Cnty. Dist. Attorney's Office v. Fourrier*, 453 S.W.3d 536, 39 (Tex. App.—Dallas 2014, no pet.). A trial court abuses its discretion if it orders an expunction of records despite a petitioner's failure to satisfy all of the statutory requirements. *Id.* However, to the extent a ruling on expunction turns on a question of law, we review the ruling de novo because a trial court has no discretion when determining what the law is or applying the law to the facts. *Id.*

The remedy of expunction allows a person who has been arrested for the commission of an offense to have the records and files relating to the arrest expunged if he meets the statutory requirements of article 55.01 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2014); *see also Fourrier*, 453 S.W.3d at 538-39. A petitioner's right to expunction is neither a constitutional nor common law right, but rather a statutory privilege. *Fourrier*, 453 S.W.3d at 539. Where a cause of action is created by statute, all of its provisions are mandatory and exclusive, requiring strict compliance for the action to be sustained. *Id.* The trial court has no equitable power to extend the protections of the expunction statute beyond its stated provisions. *Id.* Although the expunction statute appears in the code of criminal procedure, an expunction proceeding is civil in nature, and the petitioner carries the burden of proving compliance with the statutory requirements. *Id.*

–3–

Jackson petitioned for expunction pursuant to article 55.01(a)(2)(A) of the code of criminal procedure. To be entitled to expunction, Jackson was required to prove (1) she has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under article 42.12 of the code of criminal procedure for the offense. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). DPS challenges whether Jackson presented sufficient evidence that she did not serve a term of community supervision.

DPS is correct that the County Court entered an order placing Jackson on community supervision, which Jackson served. Jackson, however, argues the community supervision "was dissolved" when the County Court granted her Motion. We disagree because the County Court lacked jurisdiction to grant the Motion.

On May 17, 2011, the County Court sentenced Jackson to twelve months of community supervision, which she asserts she served without any violations. Approximately fifteen months after her term of community supervision ended, Jackson filed and the trial court granted the Motion. Jackson acknowledged it was an out of time motion, but failed to provide any authority explaining how the County Court could have retained jurisdiction over her case for fifteen months after her community supervision ended. We have not found any case law showing a trial court retains jurisdiction over a case such as Jackson's for fifteen months after community supervision is completed. Rather, the code of criminal procedure requires that upon expiration of a term of community supervision, "if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him." TEX. CODE CRIM. PROC. ANN. art. 42.12 §5(c). This Court applying article 42.12, section 5(c), has concluded "a trial court's jurisdiction over a defendant's criminal charge expires once the defendant successfully completes the period of deferred community supervision." *Townsley v. State*, No.

–4–

05-11-00921-CR, 2012 WL 6634679, at *2 (Tex. App.—Dallas Dec. 21, 2012, no pet.) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. art. 42.12 §5(c)) (concluding trial court retained jurisdiction to adjudicate guilt where motion filed before period of community supervision ended). After Johnson's term of community supervision ended, the trial court lacked jurisdiction to do anything other than dismiss the proceedings and discharge her. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §5(c); *In re Cherry*, 258 S.W.3d 332, 334 (Tex. App.—Austin 2008, orig. proceeding) (op. on reh'g) (stating absent motion to revoke and issuance of capias, "a trial court has no jurisdiction to modify community supervision after the supervision term has expired" and holding that trial court "lacked jurisdiction to do anything further in this case other than to discharge Cherry from probation.").

The face of the record shows Jackson's term of community supervision began on May 17, 2011, and ended twelve months later. However, she did not file her out-of-time Motion until fifteen months after her community supervision ended. Considering the language of article 42.12, section 5(c) and cases stating a trial court's jurisdiction ends when the defendant successfully completes the period of deferred community supervision, we conclude the face of the record shows the trial court lacked jurisdiction to grant Jackson's Motion and its order granting the Motion is void.

Because the order granting the Motion is void, Jackson failed to prove, and cannot prove, there was no court-ordered community supervision under article 42.12 of the code of criminal procedure for the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). Error is apparent on the face of the record and we sustain DPS's issue.

CONCLUSION

Because we sustain DPS's sole issue, we reverse the trial court's order of expunction, and render judgment denying Jackson's petition for expunction.

/Craig Stoddart/

CRAIG STODDART
JUSTICE

140464F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant

No. 05-14-00464-CV        V.

ERICA KAY JACKSON, Appellee

On Appeal from the 354th District Court,
Hunt County, Texas
Trial Court Cause No. 79,917.
Opinion delivered by Justice Stoddart. Chief
Justice Wright and Justice Brown
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that: Erica Kay Jackson's petition for expunction is DENIED..

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 4th day of June, 2015.