**Opinion issued October 4, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00963-CV

———————————

**JUAN SOTO PEREZ, JOSE ULLOA-SIALOS, AND KEYRI MENJIVAR INDIVIDUALLY AND AS NEXT FRIEND OF KENDRIC MENJIVAR,** Appellants

**V.**

**JARED EFURD, Appellee**

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-19704**

## MEMORANDUM OPINION

Jared Efurd was in a motor vehicle accident in Houston. All of the occupants of the other vehicle were from Louisiana. They sued Efurd in Harris County. The plaintiffs filed their lawsuit before the statute of limitations expired but did not

serve Efurd until several months after the limitations deadline. Efurd pleaded the affirmative defense of limitations and later moved for summary judgment on that defense. The trial court granted his motion. In a single issue, the plaintiffs argue that the trial court erred in finding that they were not diligent in their efforts to serve Efurd. We affirm.

## Background

Juan Soto Perez, Jose Ulloa-Siallos, and Keyri Menjivar, individually and as next friend of Kendrick Menjivar, (collectively "Perez") sued Efurd to recover damages for injuries sustained in an auto accident in Harris County in 2012.[1] Perez filed his lawsuit against Efurd within the limitations period,[2] but did not serve him until more than three months after the statute of limitations expired.[3]

---

[1]  The plaintiffs listed in their pleadings another defendant, James Efurd, but there is no indication in the record that James Efurd was served, filed an answer, or otherwise appeared. *See* TEX. R. CIV. P. 120 (noting that appearance in open court has same effect "as if the citation had been duly issued and served as provided by law."). The trial court's order granting summary judgment to Jared states that it is a final order that disposes of all parties and all claims. Although the plaintiffs continue to list James Efurd as a party in their pleadings, we conclude that he has never been brought within the trial court's jurisdiction or our own. He is not a party to this appeal.

[2]  The statute of limitations for a personal injury lawsuit is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007).

[3]  The record does not contain any evidence of service on Efurd; however, all parties acknowledge that service occurred in December 2014, after the limitations period expired.

Efurd answered the suit by asserting a general denial and the affirmative defense of limitations. Several months later, he filed a summary-judgment motion, arguing that the statute of limitations barred Perez's lawsuit because Perez did not exercise diligence in serving him.

Twenty-six days after Efurd filed his summary-judgment motion, Perez filed a memorandum in opposition but did not attach any affidavits or other evidence to his response. The trial court granted the motion two days later.

Perez appeals the order granting Efurd's summary-judgment motion. We affirm.

### Perez Failed to Proffer Evidence of Diligent Effort to Serve Efurd

Perez argues that he exercised diligence in attempting to serve Efurd because he made numerous attempts at service over the eight months between filing suit and eventually obtaining service. In support of his assertion, he has attached to his appellate brief an affidavit from his process server. Efurd responds that the assertions in Perez's brief are "unsupported by the record."

### A. Standard of review

We review a trial court's judgment granting a summary-judgment motion de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When, as here, the summary-judgment motion does not state whether it is a no-evidence motion or a traditional motion, we must determine its nature "by its substance, not

its title or caption." *Cohen v. Landry's Inc.*, 442 S.W.3d 818, 823 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Efurd's motion raises an affirmative defense and argues that he is entitled to judgment as a matter of law; thus, his motion is a traditional summary-judgment motion. *See* TEX. R. CIV. P. 166a(c) (establishing procedure for summary judgment in cases in which "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response."); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

When reviewing a traditional summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubt in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

**B.    Shifting burdens on issue of diligence**

Summary judgment on a limitations affirmative defense involves shifting burdens of proof. *See Proulx v. Wells*, 235 S.W.3d 213, 215–16 (Tex. 2007). The defendant has the burden to demonstrate that service occurred after the limitations deadline. *Id.* at 215. The burden then shifts to the plaintiff "to explain the delay." *Id.* at 216; *KPMG Peat Marwick*, 988 S.W.2d at 748 ("If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce

summary judgment proof raising a fact issue in avoidance of the statute of limitations."). To meet his burden, the plaintiff must "present evidence regarding the efforts that were made to serve the defendant" and "explain every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216.

"An unexplained delay in effecting service constitutes a lack of due diligence." *Butler v. Ross*, 836 S.W.2d 833, 835 (Tex. App.—Houston [1st Dist.] 1992, no writ). If the plaintiff provides no evidence to explain his delay, his efforts at service are not diligent as a matter of law. *Proulx*, 235 S.W.3d at 216 (stating that unexplained lapses and explanations that are patently unreasonable fail to meet burden). We have held that unexplained delays of a few months negate due diligence as a matter of law. *Taylor v. Thompson*, 4 S.W.3d 63, 65–66 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (four months); *Butler*, 836 S.W.2d at 835–36 (five months).

If the plaintiff presents evidence that raises an issue of material fact concerning the diligence of his service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the plaintiff's explanation is insufficient to relate the date of service back to the date of filing. *Proulx*, 235 S.W.3d at 216; *Belleza-Gonzalez v. Villa*, 57 S.W.3d 8, 11 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

**C. Perez provided no evidence to meet his burden**

Perez's "memorandum in opposition" to Efurd's summary-judgment motion listed several steps he stated he took to serve Efurd, but the pleading was not accompanied by an affidavit verifying his assertions. "[T]he law is well-settled that a party's pleadings are not evidence of the facts alleged therein." *Collin Cty. Dist. Attorney's Office v. Fourrier*, 453 S.W.3d 536, 541 (Tex. App.—Dallas 2014, no pet.); *see Ehler v. LVDVD, L.C.*, 319 S.W.3d 817, 824 (Tex. App.—El Paso 2010, no pet.). Perez presented no evidence to support his assertions. Perez, therefore, did not meet his burden to raise a material fact issue regarding whether he acted diligently in serving Efurd. *See Butler*, 836 S.W.3d at 835. We do not consider the affidavit attached to Perez's appellate brief[4] because that document is not shown to have been attached to or referenced in his response, which contained only a general reference to "pleadings and documents" previously filed. *Cf. Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 774 (Tex. App.—El Paso 2015, no pet.) (refusing to consider documents attached to brief but not otherwise before court).

We overrule Perez's sole issue.

---

[4] The affidavit lists service efforts that occurred over a six-day period, three weeks after the statute of limitations expired.

## Conclusion

We affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Justices Jennings, Keyes, and Brown.