**Opinion issued December 28, 2018.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-16-00420-CV**

_____

**TEXAS EDUCATION AGENCY, Appellant**

**V.**

**S.E.H., Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 15-DCV-227070**

---

## DISSENTING OPINION ON EN BANC RECONSIDERATION

Appellant Texas Education Agency is appealing an order of expunction of

criminal records granted to S.E.H. In two issues, TEA argues that the trial court

abused its discretion by granting S.E.H.'s petition for expunction because S.E.H. did

not prove that he satisfies all of the statutory prerequisites for expunction. A majority of this Court holds that S.E.H. is entitled to expunction. For the reasons cited herein, I respectfully dissent.

## Background

It is undisputed that S.E.H., a Texas public school teacher, repeatedly solicited sex from a person he believed to be a thirteen-year-old girl. He was arrested for the felony offense of online solicitation of a minor in violation of Texas Penal Code section 33.021(b). S.E.H. pleaded guilty and, pursuant to a plea bargain with the State, was placed on eight years' deferred adjudication community supervision. He surrendered his educator certificate to TEA as a condition of his community supervision. These facts are documented in the Sugar Land Police Department's Incident Report, which includes an initial report of the sting operation targeting an internet chat room that resulted in S.E.H.'s arrest, and several supplemental reports on the same matter (the Reports).

After the Texas Court of Criminal Appeals found Penal Code section 33.021(b) facially unconstitutional in *Ex parte Lo*, 424 S.W.3d 10, 27 (Tex. Crim. App. 2013), S.E.H. filed an application for writ of habeas corpus pursuant to Code of Criminal Procedure article 11.072, which "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community

2

supervision." TEX. CODE CRIM. PROC. art. 11.072, § 1. The application was granted and the case against him was dismissed.

S.E.H. then filed a petition for expunction of criminal records relating to his arrest for the felony offense of online solicitation of a minor. TEA filed a general denial, demanding strict proof of S.E.H.'s eligibility for expunction and all other statutory prerequisites.

Although no testimony or evidence was admitted during the hearing on this matter, the trial court took judicial notice of the Reports at TEA's request. After the hearing, the trial court found that the Reports were part of the arrest record, granted the petition, and issued an order expunging "all records of [S.E.H.]'s arrest" as well as "all records of [S.E.H.]'s prosecution."

TEA timely moved for a new trial and for formal admission of the Reports into evidence. After a second hearing, the trial court denied TEA's motions. This appeal followed.

### Statutory Prerequisites for Expunction

TEA argues that the trial court abused its discretion when it granted S.E.H.'s petition because S.E.H. failed to demonstrate that he was not placed on community supervision, which is a statutory prerequisite for expunction. *See* TEX. CODE CRIM. PROC. art. 55.01(a)(2).

**A.      Standard of Review and Applicable Law**

**1.      Petition for Expunction**

The remedy of expunction allows a person who has been arrested for the commission of an offense to have the records and files relating to the arrest expunged if he meets the statutory requirements of article 55.01 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 55.01; *see also Collin Cty. Dist. Attorney's Office v. Fourrier*, 453 S.W.3d 536, 538 (Tex. App.—Dallas 2014, no pet.). Expunction is a statutory privilege, not a constitutional or common law right. *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.); *see also Fourrier*, 453 S.W.3d at 539. "A person is not entitled to expunction until all of the statutory conditions are met." *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). Neither this Court nor the trial court has any equitable power to extend the protections of the expunction statute beyond its stated provisions. *See Fourrier*, 453 S.W.3d at 539; *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Further, although the expunction statute is located in the Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature, and the petitioner carries the burden of proving compliance with the statutory requirements. *T.S.N.*, 547 S.W.3d at 619; *Fourrier*, 453 S.W.3d at 539.

A trial court abuses its discretion if it orders an expunction of records despite a petitioner's failure to satisfy all of the statutory requirements. *Fourrier*, 453 S.W.3d at 539; *see also Travis Cty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 929 (Tex. App.—Austin 2011, no pet.).

### 2.     Applicable Law

Article 55.01 of the Code of Criminal Procedure states that "[a] person who has been placed under a custodial . . . arrest for commission of . . . a felony . . . is entitled to" expunction upon presentation of proof that he or she "has been released and the charge . . . has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense . . . ." TEX. CODE CRIM. PROC. art. 55.01(a), (a)(2).

## B.     Statutory Prerequisites for Expunction: Community Supervision

TEA argues that S.E.H. was not entitled to an expunction because S.E.H. did not meet his burden to show that he was not placed on community supervision. The record reflects—and S.E.H. admitted—that he was placed on community supervision and he acknowledges that "[i]n the ordinary course of things SEH would not have been entitled to expunction." He argues, however, that section 33.021(b) is not a valid penal statute because the Court of Criminal Appeals later held that the statute was facially unconstitutional for overbreadth in *Ex parte Lo*, and therefore "all prosecutions under that statute were rendered void *ab initio*." S.E.H. does not

5

contest the fact that he engaged in the conduct for which he pleaded guilty. Therefore, "[t]he conduct on which the criminal prosecution was based still exists as a matter of historical fact." *Ex parte Fournier*, 473 S.W.3d 789, 793 (Tex. Crim. App. 2015).

*Ex parte Fournier* discusses at length the effect of historical reality on the status of persons whose convictions were overturned by *Ex parte Lo*. In *Ex parte Chance*, those persons were referred to as "actually Innocent" because they were convicted under a "nonexistent" statute. *Ex parte Chance*, 439 S.W.3d 918, 922 (Tex. Crim. App. 2014). *Ex parte Fournier* walks this declaration back a bit by making a distinction between "actual" innocence and "factual" innocence. *Ex parte Fournier*, 473 S.W.3d at 792. "Our opinion in *Lo* is irrelevant to whether Applicants' conduct was in fact committed." *Id.* at 793. This became necessary because a declaration of "actual innocence" would give the affected individual access to compensation from the state for wrongful conviction. TEX. CIV. PRAC. & REM. CODE § 103.001(a). Thus, despite the fact that their convictions "vanished in a puff of smoke" or were "stuffed down the memory hole," as the majority would have it, these individuals are barred from compensation for wrongful conviction and imprisonment because their offenses are still a matter of historical fact. Similarly, S.E.H.'s lawful arrest and conviction and sentence of community service is a fact

6

and he should not have access to the undeserved windfall of expunction under a strictly interpreted civil statute.

The conduct to which S.E.H. pleaded guilty, solicitation of a minor for sexual activity, is still illegal under the laws of this state. TEX. PENAL CODE §§ 15.031 & 33.021(c). The statute legitimately, if unartfully, proscribed unlawful conduct. A portion of the statute was declared unconstitutional not to protect S.E.H. from unjust prosecution, but because the Court of Criminal Appeals made a judgment call that "". . . possible harm to society in permitting some unprotected speech to go unpunished is outweighed by the possibility that protected speech of others may be muted[.]'" *Ex parte Lo*, 424 S.W.3d at 18 (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 612, 93 S. Ct. 2908, 2916 (1973)). It was declared unconstitutional for overbreadth, not for the benefit of S.E.H., but to protect the First Amendment rights to third parties not before the court. S.E.H. is relieved from all criminal penalties resulting from his conviction. However, that does not mean he is entitled to all the remedies of a civil statute with which strict compliance is required.

The plain language of article 55.01 dictates that a petitioner is only entitled to expunction if "there was no court-ordered community supervision under Chapter 42A for the offense." TEX. CODE CRIM. PROC. art. 55.01(a)(2). The statute does not carve out an exception for persons like S.E.H. who were on court-ordered community supervision for violating a statute that was later determined to be facially

unconstitutional or otherwise void, and we are not at liberty to rewrite the statute. *See Stockton v. Offenbach*, 336 S.W.3d 610, 619 (Tex. 2011) ("When a statute is unambiguous, our role is to apply it as written despite its imperfections."); *Pub. Util. Comm'n of Tex. v. Cofer*, 754 S.W.2d 121, 124 (Tex. 1988) ("We are not free to rewrite the statutes to reach a result we might consider more desirable, in the name of statutory construction."). Neither this Court nor the trial court has any equitable power to extend the reach of the expunction statute beyond its stated provisions. *See Fourrier*, 453 S.W.3d at 539; *J.H.J.*, 274 S.W.3d at 806.

The expunction statute has been amended fourteen times, including once since *Ex parte Lo* was issued in 2013. If the Legislature had wanted to include an exception for persons like S.E.H. who were on court-ordered community supervision for violating a statute that was determined to be unconstitutional or otherwise void, it could have done so. *See Alex Sheshunoff Mgmt. Servs. v. Johnson*, 209 S.W.3d 644, 652–53 (Tex. 2006) (noting statutory amendments by Legislature were in response to court decisions).

Courts of this state have continually emphasized that the statute is to be strictly complied with and all the statutory elements must be proven by the applicant for expunction. *See Fourrier*, 453 S.W.3d at 539; *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 479 (Tex. App.—San Antonio 2013, no pet.); *Roberts v. Tex. Dep't of Pardons & Parole*, No. 01-09-01058-CV, 2011 WL 2435744, at *2 (Tex. App.—

8

Houston [1st Dist.] June 16, 2011, no pet.) (mem. op.); *Tex. Dep't of Pub. Safety v. Dahlquist*, No. 01-08-00559-CV, 2010 WL 375930, at *2 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.); *J.H.J.*, 274 S.W.3d at 806. It is true that S.E.H. is free from any criminal sanctions arising from his conviction, but article 55.01 is a strictly construed civil statute and S.E.H. has failed to prove his compliance with all of the statutory requirements for expunction.

I respectfully dissent from the holding of the majority and would find S.E.H. ineligible for expunction.

Russell Lloyd
Justice

The panel consisted of Chief Justice Radack and Justices Brown and Lloyd.

En banc reconsideration was granted. TEX. R. APP. P. 49.7.

The en banc court consists of Chief Justice Radack and Justices Jennings, Keyes, Higley, Bland, Massengale, Brown, Lloyd, and Caughey.

Justice Massengale, writing for the en banc court, joined by Chief Justice Radack and Justices Keyes, Higley, Bland, Brown, and Caughey.

Justice Jennings, concurring in the judgment, joined by Justice Higley.

Justice Caughey, concurring, joined by Justices Keyes and Brown.

Justice Lloyd, dissenting.