**REVERSE and RENDER and Opinion Filed December 20, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00996-CV

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**
**V.**
**F.A.V., Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-01557-2016**

## MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Bridges

The Texas Department of Public Safety appeals the trial court's order granting expunction of F.A.V.'s theft charge. In a single issue, the Department argues F.A.V. was not entitled to expunction of any records of his March 21, 2013 arrest because he failed to prove he met the statutory requirements. We reverse the trial court's order and render an order denying F.A.V.'s petition for expunction.

On March 21, 2013, F.A.V. was arrested for the offense of theft of more than $50 but less than $500. At that time, F.A.V. had outstanding warrants for a November 30, 2012 offense of disregarding an official traffic control device and a December 15, 2012 offense of violating a promise to appear at a court date set for the traffic control device offense. F.A.V. was placed on six months' deferred adjudication probation on January 3, 2014, and he successfully completed

the six-month probationary period and the charges against him were dismissed. F.A.V. filed a petition to expunge the records related to the theft charge and, on August 23, 2018, the trial court signed an order granting expunction of the theft charge. This appeal followed.

In a single issue, the Department argues F.A.V. was not entitled to have the records related to his theft charge expunged. We review a trial court's ruling on a petition for expunction for abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). However, to the extent a ruling on expunction turns on a question of law, we review any legal conclusions de novo. *See id.*; *see also Collin Cty. Dist. Attorney's Office v. Fourrier*, 453 S.W.3d 536, 539 (Tex. App.— Dallas 2014, no pet.).

Expunction is a statutorily created remedy that allows a person who has been arrested for the commission of an offense to have the records and files relating to the arrest expunged if the person meets the statutory requirements of article 55.01 of the code of criminal procedure. *Fourrier*, 453 S.W.3d at 539; *see also* TEX. CODE CRIM. PROC. ANN. art. 55.01. The purpose of the expunction statute is to "protect wrongfully–accused people by eradicating their arrest records." *In re State Bar of Texas*, 440 S.W.3d 621, 622 (Tex. 2014). Because the cause of action is created by statute, all of its provisions are mandatory and require strict compliance for the action to be sustained. *Fourrier*, 453 S.W.3d at 539; *see also T.S.N.*, 547 S.W.3d at 620 ("A person is not entitled to expunction until all of the statutory conditions are met."). The trial court has no equitable power to extend the protections of the expunction statute beyond the statute's stated provisions. *Fourrier*, 453 S.W.3d at 539. Although the expunction statute appears in the code of criminal procedure, an expunction proceeding is civil in nature and the petitioner carries the burden of proving compliance with the statutory requirements. *Id.*

F.A.V. sought expunction pursuant to "Article 55.01(a)(2)(A)" of the code of criminal procedure. Article 55.01(a)(2) provides, in pertinent part:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i) has not been presented against the person at any time following the arrest, and:

(a) at least 180 days have elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a Class C misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested;

(b) at least one year has elapsed from the date of arrest if the arrest for which expunction was sought was for an offense punishable as a Class B or A misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested;

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A).

Several courts have concluded that subarticle (a)(2) is arrest-based, and a person seeking expunction must meet the requirements of article 55.01(a)(2) for all charges arising from an arrest, including showing there was no court-ordered community supervision. *See, e.g., Ex parte C.E.A.*, No. 12–17–00311–CV, 2018 WL 1940377, at \*2 (Tex. App.—Tyler Apr. 25, 2018, no pet.) (mem. op.) ("a person is not entitled to have any arrest records expunged under Article 55.01(a)(2) when a charge is dismissed, but that dismissal results in community supervision for any charge arising from the same arrest."); *S.J. v. State*, 438 S.W.3d 838, 846 (Tex. App.—Fort Worth 2014, no pet.) (appellant not entitled to expunction because he was placed on court-ordered community supervision for a charge arising from the arrest); *Tex. Dep't of Pub. Safety v. Crawford*, No. 12–12–00072–CV, 2013 WL 776618, at \*1 (Tex. App.—Tyler Feb. 28, 2013, no pet.) (mem. op.) ("A

person is not entitled to an expunction if she was placed on 'court ordered community supervision' . . . which includes deferred adjudication community supervision."). "If the Legislature wished to permit persons to expunge records related to a particular charge resulting from an arrest without expunging all records of the arrest itself, we presume that it would have included language with that meaning in the statute." *Ex parte De La Garza*, No. 13–16–00522–CV, 2018 WL 1417450, at *2 (Tex. App.—Corpus Christi Mar. 22, 2018, no pet.) (mem. op.) (citing *S.J.*, 438 S.W.3d at 843; *Ex parte S.C.*, 305 S.W.3d 258, 263 (Tex. App.—Houston [14th Dist.] 2009, no pet.)).

We conclude that article 55.01(a)(2) "maintains an arrest as the unit of expunction and that, consequently, a petitioner must prove that each charge arising from the arrest satisfies the requirements" of article 55.01(a)(2). *T. H. v. Tex. Dep't of Pub. Safety*, No. 03-15-00304-CV, 2016 WL 5874869, at *4 (Tex. App.—Austin Oct. 6, 2016, no pet.) (mem. op.). Considering the language of article 55.01(a)(2), the Texas Supreme Court's opinion in *T.S.N.*, the prevailing case law from our sister courts, and keeping in mind the statute's general purpose of permitting expunction of wrongful arrests, we conclude that a person is not entitled to have any arrest records expunged under article 55.01(a)(2) when any charge resulted in court-ordered community supervision under article 42.12 of the code of criminal procedure. *See, e.g.*, *T.S.N.*, 547 S.W.3d at 621–23; *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 629 (Tex. App.—Austin 2014, pet. denied) (en banc); *Ex parte C.E.A.*, 2018 WL 1940377, at *2; *S.J.*, 438 S.W.3d at 846; *Crawford*, 2013 WL 776618, at *1.

Here, F.A.V.'s petition for expunction alleged, among other things, that he was entitled to an expunction of the records and files relating to the theft charge because "an indictment or information was presented, the case was reduced to a Class C misdemeanor and [F.A.V.] was placed on deferred adjudication probation for a period of six (6) months." Attached to the Department's original answer were copies of (1) the information charging F.A.V. with theft of

property valued at more than $50 but less than $500 and (2) the trial court's judgment stating that F.A.V. pleaded guilty or nolo contendere to the offense of "Theft <$50 as included in the information" and ordering that an adjudication of F.A.V.'s guilt be deferred for six months and that he be pay a $150 fine and costs of $264.   Inexplicably, the trial court's order granting expunction stated the following:

> Petitioner further states that he has been released, that the charge has not resulted in a final conviction and is no longer pending, and that there was no court-ordered community supervision under Chapter 42A of the Texas Code of Criminal Procedure or its predecessor, Article 42.12 of the Texas Code of Criminal Procedure.

Thus, to the extent the trial court disregarded the fact that F.A.V. was placed on deferred adjudication community supervision, we conclude the trial court abused its discretion in granting F.A.V.'s petition for expunction.  *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *T.S.N.*, 547 S.W.3d at 620.  We sustain the Department's sole issue.

We reverse the trial court's order granting expunction and render judgment denying F.A.V.'s petition for expunction.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

180996F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant

No. 05-18-00996-CV          V.

F.A.V., Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-01557-2016.
Opinion delivered by Justice Bridges.
Justices Molberg and Partida-Kipness
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:
Fidel Arcos Velazquez's petition for expunction is **DENIED**.

It is **ORDERED** that appellant Texas Department of Public Safety recover its costs of this appeal from appellee Fidel Arcos Velazquez.

Judgment entered December 20, 2019