**AFFIRMED and Opinion Filed April 9, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-19-01424-CV**

**Ex Parte D.H.I.**

**On Appeal from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 86,413**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Reichek

D.H.I. appeals from the trial court's denial of his petition for expunction. In a single issue, appellant contends the trial court erred because his indictment was based on false information. For the reasons that follow, we affirm the trial court's order.

### Background

Appellant was indicted by two different grand juries for two offenses involving the same alleged victim, Jane Doe 025. The alleged offenses were sexual assault of a child and improper relationship between an educator and a student. The State later moved to dismiss the charges against appellant on the ground that Doe

had recanted her statement and, without her testimony, the State did not believe it had sufficient evidence to prove its case beyond a reasonable doubt. The trial court granted the State's motion and dismissed the cause.

Four months later, appellant filed this petition for expunction in the same trial court where his criminal case had been pending. Appellant argued he was entitled to expunction under article 55.01 of the Texas Code of Criminal Procedure because the State had insufficient evidence to prove the offenses with which he had been charged.

In support of the petition, appellant submitted an affidavit signed by Doe. In the affidavit, Doe recanted a statement she made at the child advocacy center that she and appellant had engaged in a sexual relationship. According to Doe, the statement she made at the center was made under duress and was based on a misunderstanding. Doe stated she had previously told her cousin, with whom she was living, that she had a crush on appellant and had fantasized about having a relationship with him. The cousin believed Doe's statements were more than fantasies, and she reported them. When Doe later denied the relationship during her first interview with the advocacy center, she said her cousin became angry. Doe testified she changed her story to say that she had sexual relations with appellant because her cousin threatened to have her thrown out of the house if she did not.

At the hearing on appellant's petition, counsel for the State of Texas, who was also the prosecuting attorney in appellant's criminal case, reminded the trial judge

that the State's dismissal of the charges against appellant was the result of a plea bargain agreement, which was discussed in chambers before the dismissal order was signed. Counsel stated his decision to seek a dismissal "had nothing to do with a lack of probable cause or mistake or false information," but because he believed Doe would lie on the stand to protect appellant and the State would have difficulty proving its case beyond a reasonable doubt. Counsel also stated, "for the record," that the State had significant circumstantial evidence indicating appellant's guilt including cellphone data placing Doe and appellant together "all over North Texas and Oklahoma" when they had no reason to be together, witnesses who stated they saw Doe coming out of appellant's hotel room during school tournaments, and statements from Doe's aunt that she had overheard conversations between Doe and appellant. Counsel noted that the statement Doe gave the advocacy center in which she admitted to having a relationship with appellant contained "very specific details" that Doe would have no reason to fabricate. The defense made no objections to counsel's statements.

At the conclusion of the hearing, the trial court denied appellant's request for expunction. In its findings of fact and conclusions of law, the court stated the only evidence submitted by appellant in support of his petition was Doe's affidavit and the court found that the affidavit was not credible. The court further found that appellant had pleaded guilty to a charge of intentionally and knowingly destroying or concealing cellular phone data with the intent to impair the State's investigation

of his relationship with Doe. Based on the record before it, the court concluded dismissal of the charges against appellant was for reasons other than a lack of probable cause and appellant failed to meet his burden to show he was entitled to expunction. Appellant then brought this appeal.

**Analysis**

"Expunction is not a right; it is a statutory privilege." *In re State Bar of Texas*, 440 S.W.3d 621, 624 (Tex. 2014). The expunction statute is an exception to the established principle that court records should be open to the public and it is designed to protect those who are wrongfully accused. *Id*. Because the cause of action is created by statute, all of its provisions are mandatory and exclusive, requiring strict compliance for the action to be sustained. *Collin Cty. Dist. Attorney's Office v. Fourrier*, 453 S.W.3d 536, 539 (Tex. App.—Dallas 2014, no pet.). The petitioner bears the burden of proving compliance with the statutory requirements. *Id*. We review the trial court's ruling on a petition for expunction for an abuse of discretion. *Id*. However, if the petitioner fails to satisfy any of the requisites of the expunction statute, he is not entitled to expunction as a matter of law. *Id*.

Appellant's petition for expunction was based solely on Doe's affidavit testimony. Appellant contends that Doe's recantation is definitive proof that he was charged based on false information. Article 55.01 allows for expunction where an indictment is dismissed and its presentment was made "because of mistake, false information, or other similar reason indicating absence of probable cause at the time

–4–

of the dismissal to believe the person committed the offense." Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii)(d).

Although Doe recanted her statement, that alone does not automatically entitle appellant to an expunction. *See Ex parte Thomas*, 34 S.W.3d 645, 648–49 (Tex. App.—Waco 2000, pet. denied). In a bench trial on expunction, the trial judge is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Harris Cty. Dist. Attorney v. Small*, 920 S.W.2d 740, 743 (Tex. App.—Houston [1st Dist.] 1996, no writ). The judge may accept or reject, in whole or in part, the testimony of any witness and is not required to believe an affidavit even where it is uncontroverted and admitted without objection. *Id.*; *Najar v. State*, No. 1049-19, 2021 WL 800768, at *4 (Tex. Crim. App. Mar. 3, 2021).

Here, the trial judge specifically found that Doe's affidavit was not credible. The same judge presided over appellant's criminal case that was based not only on Doe's recanted statement, but was supported by circumstantial evidence including cellular phone records and witness accounts of appellant's involvement with Doe.[1] In addition, the judge took judicial notice of appellant's guilty plea to the charge of intentionally destroying evidence to impair the State's ability to investigate his

---

[1] Although counsel for the State did not testify under oath, his statements concerning the existence of evidence to show probable cause were made "for the record." Unsworn testimony by an officer of the court that is not objected to constitutes some evidence on which the trial court may base its decision. *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997); *In re Butler*, 987 S.W.2d 221, 225 (Tex. App.—Houston [14th Dist.] 1999, no pet.). While appellant's counsel objected to other testimony by the State's counsel for reasons other than it being unsworn, he made no objections to counsel's testimony about the evidence the State had to show that appellant committed the offenses as alleged.

relationship with Doe. *See Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.) (decision in expunction case may be based on judicial notice of court records).

The motion filed by the State to dismiss the charges against appellant stated the reason for the dismissal was the belief that they could not prove the offenses beyond a reasonable doubt. The dismissal of an indictment based on insufficient evidence to obtain a conviction is not grounds for expunction because it is not evidence that the presentment of the indictment was made because of mistake, false information, or other similar reason indicating the absence of probable cause at the time of the dismissal to believe that the defendant committed the offense. *In re V.H.B.*, 583 S.W.3d 636, 642 (Tex. App.—El Paso 2018, pet. denied). The trial court's finding that Doe's affidavit was not credible, together with the circumstantial evidence that appellant committed the offenses with which he was charged, supports the trial court's conclusion that the charges against appellant were not based on false information and were not dismissed due to a lack of probable cause. We conclude appellant failed to meet his burden and the trial court did not abuse its discretion in denying his petition.

We affirm the trial court's order.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

191424F.P05

–6–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE D.H.I.

No. 05-19-01424-CV

On Appeal from the 196th District
Court, Hunt County, Texas
Trial Court Cause No. 86,413.
Opinion delivered by Justice
Reichek. Justices Molberg and
Nowell participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee the State of Texas recover its costs of this appeal from appellant D.H.I.

Judgment entered this 9th day of April 2021.